Carutiiees, J.,
delivered tbe opinion of tbe court:
Tbe bill in tbis cause was dismissed upon demurrer. Tbe decree is supposed to be correct, by defendant’s counsel, on two grounds:
First, multifariousness. Jobn T. Wrigbt died intestate, October, 1857, and defendant, George D. Wrigbt, and one Mason, administered upon bis estate. He bad a pretty large estate, consisting of slaves and other personal prop *179 erty. Leaving no wife or children, his father, John Wright, was his sole distributee. The administrators have failed to make settlement of his estate with proper authority. In August, 1859, John Wright died, leaving a will, and George D. Wright as executor. Some specific legacies are given to complainants and defendants, but a large, residue of his property is not disposed of by the will.
It is objected that the bill isi bad because it embraces the two- estates. So the chancellor thought. We think differently. This objection is not so much favored- now as ir was formerly in our practice. How can it be ascertained to what amount the complainants are entitled as the distributees of J ohn Wright, or what is the extent of his estate, without a settlement of the estate of John T. Wright? This last goes into and constitutes part of J ohn Wright’s estate. There is no complication or confusion produced by uniting the two. The defendant is liable for both. The case would seem to be embraced and allowed by sec. 4327 of the Code [Shannon’s Code, sec. 6137]: “The uniting in one bill of several matters of equity, distinct and unconnected, against one defendant, is not multifariousness.”
It is true that complainants are not distributees of John T. Wright, but only of John Wright. Yet the defendant is liable for both estates, and the amount to which complainants are entitled cannot be ascertained without an-account of both estates. It was necessary, therefore, to bring defendant, George D., before the court, both in his capacity of administrator of one estate and executor of the other. This would not be multifariousness, even without the aid of the Code.
Second. The bill was filed in seven months, after the qualification of the defendant as executor of John Wright. It is insisted that the executor has two years to settle up the estate, and cannot be sued by the distributees and legatees until after the expiration of that time. Code, secs. 2312, 2313, 2314 [Shannon’s Code, sees. 4048-4050]. We are *180 not aware that the question hasi been adjudicated in this state. But it has been decided by the supreme court of North Carolina upon the same statute. Judge Q-aston says: “The act of assembly making it obligatory on executors to settle the estate at the end of two years after the administration shall have begun, does not authorize them to defer the settlement until that time without necessity; and it is competent to those interested to' file their bill, or present their petition for such a settlement as soon as they think proper — the proceedings on such bill or petition being under the control of the court, who can prevent a premature decision thereon and have the question of costs at their disposition.” [Hobbs v. Craige, 1] Iredell Law, 337.
The same question came up on an exception as to the allowance of interest, and the executor was made liable before the expiration of two years. 7 Iredell Eq., 129.
There is no reason why the persons entitled to an estate should be delayed two years when it is known there are no debts. If this be doubtful, the court will see that no injury is done the executor by a premature decree against him, but will hold up the case or see that he is fully secured or indemnified.
• After two years, if. he fails to settle upon the notice prescribed in sec. 2297 [Shannon’s Code, sec. 4033], he is punishable for contempt in the county court, and by indictment in the circuit court. Sec. 2309 [Shannon’s Code, sec. 4045]. After this time; the Code, adopting the act of 1789 [Shannon’s Code; sec. 4047], compels him to pay over the surplus, and on failing to do. so, the legatees or distributees may sue under secs. 2312, 2313 [Shannon’s Code, secs. 4048, 4049]. But all this does not authorize him to refrain from settling and hold the estate for two years when there is no* necessity for it.
The persons entitled to the estate may proceed against him before the time, and compel him to settle and pay over, where they can show that there is no necessity for the delay, *181 or that it is unjust to them and not required by the condition of the estate that they should be long postponed in the enjoyment of their rights. There can be no injury- to the personal representatives or to the creditors, because the interests of all will be carefully guarded by the court, by retaining the case as long as may be necessary for their protection, and for making the proper decrees and orders for their safety, and for costs.
The decree of the chancellor will be reversed and the cause remanded for answers and for such orders and decrees as may be necessary for the settlement of the two estates.