Deaderick, J.,
delivered tbe opinion of tbe court:
This cause ivas beard in this court and determined at tbe October term, 1873, upon tbe appeal of tbe Planters Bank of Tennessee and W. M. Farrington, from tbe decree of tbe chancellor dismissing a bill in tbe nature of a supplemental or cross bill filed in this cause. [See 12 ITeis., 306].
Tbe chancellor’s decree was affirmed and the original bill was remanded for further proceedings, on 21st October, 1873.
The Bank and Farrington sought, by their bill, to try tbe issue made upon tbe plea in abatement by Sol. Andrews to tbe attachment bill, which bad been tried by tbe chancellor and overruled.
Upon remanding the cause as against Andrews, be filed exceptions to tbe master’s report on tbe 17th of December, 1873; and upon motion of complainant to strike from tbe files tbe same, it was so ordered by tbe chancellor, June 24th, 1874, be being of tbe opinion that they were not filed within proper time, and a final decree was then rendered against Andrews, from which be has appealed.
It appears from tbe record that- on tbe 6th of December, 1870, tbe chancellor made an order, allowing tbe Planters’ Bank ten days within which to file “a supplemental bill in tbe nature of a supplemental or cross bill,” but refused to *462 mate any order staying proceedings in tbe canse, and judgment pro confesso was entered against Andrews, and tb.e master was directed tO' ascertain and report, to the'then present term of the court, the amount due and unpaid on the bill of exchange upon which the suit was brought.
On the 13th December, 1870, the master filed his report, showing that $8,011.61 had been paid the day the bill was filed, leaving a balance of $3,254.81, including interest to the date of report, due and unpaid.
The bill of the bank and Farrington, under the leave granted the Bank, was filed ,15th of December, 1870.
This bill was dismissed upon demurrer on the 14th April, 1871; an appeal taken to this court by the complainants therein, when the chancellor’s decree, as before stated, was affirmed 21st October, 1873, and the original cause remanded 20th November, 1873.
The defendant now insists his exceptions were improperly taken from the files; that they were filed within reasonable time after the cause was remanded, and that pending the bill of the Bank he could not take any steps in the cause.
The exceptions were in substance:
1. That defendant was not liable upon the bill of exchange, not having had notice, etc.
2 and 3. That the bill of exchange did not belong to complainant.
If it be conceded to be competent to defendant to contest the right of complainant to the bill of exchange, and his liability thereon, in the manner and at the time proposed, the allegations of the bill are conclusive against him, upon the judgment pro confesso given. And we think the right to the bill of exchange in complainant, and defendant’s liability thereon, are sufficiently alleged in the bill.
But we do not think that the chancellor erred in refusing to allow the exceptions to the report to be filed, or tO' re *463 main on file, in view of opportunity afforded defendant to file them within a reasonable time. We can see no impediment created by the filing of the bill of the Bank and Far-rington, or during its pendency, to the filing of the exceptions, especially as the chancellor in granting leave to file said bill had expressly refused to stay proceedings in the cause.
Upon the whole we think the chancellor’s decree was correct, and affirm it.