# SUPREME COURT OF TENNESSEE,

1pi  1
2pi 500

FOR THE

# EASTERN DIVISION:

KNOXVILLE, SEPTEMBER TERM, 1886.

---

LOVEMAN *v.* TAYLOR.

(*Knoxville.* October 20th, 1886.)

1. EXECUTORS AND ADMINISTRATORS. *Construction of will. Appointment of trustee.*

Upon proceedings by bill in chancery against an administrator, *cum testamento annexo*, for construction of the will and proper administration of the estate, a decree construing the will and setting forth the duties of the administrator, without an order for their enforcement, does not charge him with its trusts so as to make the appointment, in a subsequent part of the same decree, of a trustee to execute the trusts of the will, a nullity.

2. SAME. *Removal of administrator by appointment of trustee.*

In such case, the appointment, by decree, of the trustee, operates as a removal of the administrator.

1

3. SAME. *Bill for account of administration. Continuance. Costs.*

It is error to tax complainants, who are the beneficiaries, with all the costs of a continuance granted on the ground of recent discovery of important evidence tending to show a malappropriation of funds of the estate; it being the duty of the trustee to make a clean exhibition of the funds of the estate.

4. TRUSTS. *Appointment of trustee. Sufficiency of pleading. Bill. Prayer.*

Upon a bill, seeking construction of a will involving trusts, and an account and settlement of the administration, the Chancery Court may, under prayer for general relief, appoint a trustee to execute the trusts of the will under direction of the Court.

5. SAME. *Trustee's bond. Executed in vacation. Pending appeal.*

The fact that such trustee's bond is executed in vacation, after appeal, on which the lower court is sustained, does not impeach its validity.

6. SAME. *Same. Estoppel. Denying liability.*

After accepting the trusts according to the terms of the decree appointing him, and giving bond for their performance, the trustee and his sureties are estopped to deny that their liability is limited otherwise than by the terms of the decree and bond.

7. SAME. *Accounting. Proceeds of real estate sold without authority.*

Though the sale of certain real estate was not necessary, yet, since the trustee in his management of the estate procured it, he must account as trustee for the purchase-money he received.

8. SAME. *Sureties.*

With a note which is no part of the trust estate the surety will not be charged.

9. SAME. *Funds in hands of preceding administrator.*

The trustee or his sureties will not be charged with personal assets which came into the hands of the administrator and were not turned over by him.

10. SAME. *Compensation disallowed.*

A trustee guilty of maladministration will be allowed no compensation. (See Taylor *v.* Lincumfelter, 1 Lea, 90; Coffee *v.* Raffin, 4 Cold., 524.)

11. COMMISSION OF REFEREES. *Report. Weight of.*

The Commission of Referees having been created to expedite the trial of causes in this Court; and it being its special duty to report the facts of each case, this Court will give great weight to its findings. (See Acts 1883, Chapter 257.)

12. SAME. *Same. Exceptions. Errors to be distinctly pointed out.*

Such reports are presumed to be true, and will be reviewed only upon exceptions pointing out errors of fact clearly and distinctly by quotations from and citations of pages of record from which such errors may he readily discovered. (See Smoot *v.* Smoot, 12 Lea, 274; Thompson *v.* Watson *et al.*, 12 Lea, 390; Mayor of Huntingdon *v.* Mullins, 16 Lea, 738.)

---

## FROM HAMILTON.

---

Appeal from the Chancery Court of Hamilton County. October Term, 1882. W. M. BRADFORD, Ch.

ELDER & WHITE and TOMLINSON FORT for complainant.

DODSON & MOONE for respondent.

TURNEY, C. J. The first question, and the controlling one, is as to the liability of T. J. Latner, security of Taylor, trustee, etc., for rents and purchase-money of real estate. The second clause of the will of John G. Glass provides that certain assets shall be collected and applied to the support and maintenance of the widow, and the mainte-

nance and education of the two minor children; the third clause that the real estate shall be rented out until the youngest child arrived at majority, when all the property, not otherwise disposed of, shall be equally divided among his children. The fourth clause is: "I will and direct that all of my real estate, so far as is practicable, be rented out to the best advantage till my youngest child, Wiley Blount Glass, arrives at the age of twenty-one years, and then that all my property not hereinbefore disposed of be equally divided among my children, share and share alike; and I will and direct that my wife, Mary E., occupy as a home for herself and two children the house in Chattanooga recently purchased of Dr. Milo Smith, my present residence, and that she continue to occupy the same during her natural life." The fifth is: "I will and direct that any debt I may owe be paid out of the funds herein set apart for the support and maintenance of my wife, Mary, and the support, maintenance, and education of my two children, John and Wiley." * * * *

Richard Henderson was nominated executor, but renounced, and George D. Foster was appointed administrator with the will annexed.

On 5th January, 1867, parties in interest filed their bill against the administrator and others, praying, among other things, "that, the administrator be held to account for all moneys improperly paid by him to Mary E. Glass, and generally for the proper

and correct administration of said estate, and in pursuance of the construction of said will by the Court, and for general relief."

In July, 1867, a decree was passed construing the will and ordering an account of the estate in the hands of the administrator, or that ought, by reasonable diligence, have come to his hands, and decreeing: "The Chancellor, being of opinion that this is a proper case in which a trustee ought to be appointed at the instance of any of the parties interested, on application of complainants for that purpose, Dr. A. D. Taylor is hereby appointed trustee to take charge of the effects of said estate and discharge and execute the trusts created by said will upon his entering into bond, with security, in the sum of ten thousand dollars faithfully to discharge the duties of such trustee."

This decree was appealed from and affirmed. On 23d August, and after the appeal was perfected, Taylor executed bond obligating himself to take charge of the effects of the estate and to discharge and execute the trusts of the will.

It is insisted that, as the decree in the case already referred to declares the proper construction and meaning of the fourth clause of the will "is that the administrator, with the will annexed, shall rent out all the real estate to the best advantage, and husband the income until the youngest child arrives at age," etc.; that, therefore, the administrator was not removed, but was onerated with the trusts of the will, and the appointment of

Taylor trustee by a subsequent order in the de-
cree was a nullity, or, at least, was not such ex-
ercise of the power of the Court as will bind the
securities on the bond.

To this are two answers: First, the decree sim-
ply undertakes to define the duty of the adminis-
trator without an order of its enforcement. Sec-
ond, the decree appointing a trustee operated in
law as a removal of the administrator. In addition
to these we hold the trustee and his securities,
having executed bond for the performance of the
trusts, will not be permitted to escape liability by
a mere technicality.

It was error in the Chancellor to tax complain-
ants with all costs on application for a continu-
ance on the recent discovery of important evi-
dence tending to show a malappropriation of funds
of the estate. It was the duty of the trustee to
make a clean exhibition of the state of the funds
of the estate; and if failing to do so he imposes
that duty on parties in opposite interest to him,
and thereby causes delay in the settlement of his
trust duties, he should be burdened with the costs
of such delay.

It was proper to charge the security with notes
collected by his principal, or which might, with
proper diligence, have been collected.

By accepting the trust in the terms of the de-
cree appointing him and of the bond executed for
their performance, the trustee and his securities are
estopped to say they are limited otherwise than by

such terms. The Court had the power to appoint the trustee, and the comprehensive prayer of the bill was sufficient to invoke the exercise of the power. The execution of the bond in vacation, after appeal, does not impeach its validity.

After the death of the widow the trustee procured a decree of sale for the Smith property, and received part of the proceeds. While there may have been no necessity for the sale, yet as the trustee, in his management of the estate, procured it, he must account as trustee for such amount of purchase-money as he received. The credits allowed by Chancellor on the Fisher note will be allowed here. Taylor will be charged with $400 on Jordon note, but his security will not, as the facts show it was in fact no part of the trust estate.

The proof is not sufficient to charge either trustee or security with the individual note of Taylor to the testator. It was an old debt, with evidence showing its payment. It could not in any event be charged to the security under the facts. For such personal estate as went into the hands of the administrator before the appointment and qualification of the trustee, the trustee is not liable unless he received them from the administrator. The administrator and his securities are alone liable for their misappropriation by him.

Thomas C. Glass having receipted the trustee for $637.50, his interest in the recovery will be credited therewith.

For his maladministration no compensation will be allowed the trustee.

The purpose of the creation of a Commission of Referees was to expedite the trial of causes in this Court. It is by the act made the especial duty of the Commission to report the facts of each case coming before it. This being done, the presumption is the report is true, and this Court will give much weight to the finding. Unless we do so the work of the Commission amounts to nothing.

Carrying out the evident intention of the Legislature, we hold that, in order to entitle parties to a review of the facts, they must, by exception, point out the errors of fact clearly and distinctly by quotations from and citations of pages of record from which such errors may be readily discovered. It is not sufficient to state propositions or conclusions, and refer in uncertain terms to pages of the record for the proof. The language or its substance relied upon as showing the error or mistake must be given either in the exceptions or brief filed with them; otherwise the exceptions will be disregarded and report confirmed.

A decree will be entered in accordance with this opinion.