GOODMAN *v.* PALMER *et al.*

(*Jackson,* April Term, 1917.)

1. **APPEAL AND ERROR. Question raised by demurrer. Review.**

   Where the chancery court overruled general legatee's demurrer raising question of jurisdiction to grant certain relief, general legatee was entitled, under proper assignment of error in the court of civil appeals, to have the jurisdiction of the chancery court passed upon. (*Post, pp.* 559, 560.)

2. **COURTS. Chancery courts. Jurisdiction. Administration of estates.**

   Shannon's Code, section 4048, providing that any distributee or legatee may apply to the chancery court of the county or district in which administration was taken out to compel the payment of his distributive share or legacy, does not deprive the court of chancery of its inherent common-law jurisdiction over the administration of estates which is reserved by section 6088, providing: "The chancery court shall continue to have all the powers, privileges and jurisdiction properly and rightfully incident to a court of equity by existing laws." (*Post, pp.* 560-562.)

   Cases cited and approved: Murgitroyde v. Cleary, 84 Tenn., 539; Talliafern v. Wright, 1 Tenn. Cas., 178; Lake v. McDavitt, 81 Tenn., 26, 30.

   Codes cited and construed: Sec. 4048 (S.); Sec. 4279 (Thomp. Shan. sec. 6088.).

3. **EXECUTORS AND ADMINISTRATORS. Enforcing settlement. Jurisdiction of chancery court.**

   When the chancery court is duly resorted to to enforce in behalf of legatees or distributees under Shannon's Code, section 4048, and jurisdiction is taken, it may proceed to determine the amount for distribution, and thus fix the compensation payable to administrator and his solicitor, determining the questions of the

Goodman v. Palmer.

amount of costs, charges, etc., properly to be deducted. (*Post*, p. 562.)

4. **EXECUTORS AND ADMINISTRATORS.** Enforcing settlement. Parties to petition.

Under Shannon's Code, section 4048, providing that any distributee or legatee may apply to the chancery court of the county or district in which administration was taken out to compel the payment of his distributive share or legacy, the chancery court properly entertained a bill filed by administrator making legatees defendants and reciting that legatees made demand on him to make distribution without taking refunding bonds from them, which he could not safely do without direction of the court, that it was necessary that the court fix the compensation of petitioner and his solicitor, and that it is absolutely certain that all debts of testator have been paid. (*Post*, *pp.* 563, 564.)

Case cited and approved: Read v. Citizens' St. R. Co., 110 Tenn., 316.

ON PETITION TO REHEAR.

5. **WILLS.** General pecuniary legacies. Interest.

The general rule of the common law that interest is allowable on general pecuniary legacies after one year from the death of the testator unless the will contains a provision to the contrary has not been conformed to in this State in every situation. (*Post*, *pp.* 564-567.)

Cases cited and approved: Ensley v. Ensley, 105 Tenn., 107; Kent v. Dunham, 106 Mass., 590; In re Woodward, 78 Vt., 254; State v. Adams, 71 Mo., 620; Church Home v. Morris, 99 Ky., 317; Wheeler v. Ruthven, 74 N. Y., 433; Cobb v. Stratton's Estate, 56 Colo., 278.

Cases cited and distingushed: Chappel v. Theus, 3 Tenn. Cas., 460; Darden v. Orgain, 45 Tenn., 211; Laura Jane v. Hagen, 29 Tenn., 332.

6. **WILLS.** General pecuniary legacies. Interest.

Where distribution has been delayed by a long and hard-fought contest of the will without fault on the part of the general

legatee, interest on the general pecuniary legacies will be allowed only from the date of the final decree terminating contest suit in favor of all legatees.  (*Post, p.* 568.)

## FROM SHELBY.

Appeal from the Chancery Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.— Hon. FRANCIS FENTRESS, Chancellor.

W. H. FITZHUGH and RANDOLPH & RANDOLPH, for plaintiff in error.

JACKSON & McREE, J. H. POSTON, JR., and HENRY CROFT, for defendants in error.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

Goodman, as the administrator with the will annexed of the estate of E. J. Halley, deceased, filed the bill of complaint for the purpose of bringing before the court the legatees under the will, among them the St. Peter's Orphan Asylum, a body corporate, which is alleged to be the residuary legatee. It is alleged in the bill of complaint that practically all of the legatees had demanded of the administrator that he institute this action to the end that they might have the amount of their legacies determined and paid to them, more than two years having elapsed since he had issued

to him letters of administration, that the Halley estate was of value about $200,000, and that it was absolutely certain that all debts of the testator had been paid.

The bill recites that it is necessary that the court fix the compensation of the administrators and of his solicitor, that many of the legatees are unable to execute to complainant the usual refunding bond, and that some of them demanded that the net estate be distributed to them without the execution of such bonds, which complainant is advised he safely cannot do without the direction of the court.

Several of the legatees filed answers admitting the allegations of the bill, and joining in the prayer for the relief sought therein, but the orphan asylum demurred to the bill.   After this demurrer was overruled, proof was taken respecting the amounts properly to be allowed the personal representative and his solicitor.   A report was made by the master in respect thereto, and was heard upon exceptions by Chancellors Heiskell and Fentress, sitting jointly, who concurred in passing the final decree, adjudging all issues raised in the cause.

The orphan asylum prayed an appeal to the court of civil appeals, where several claimed errors were assigned, some of which, being renewed in this court, in support of a petition for *certiorari,* will be treated of in this opinion.

The result of the allowances of fees and expenses leaves the petitioner to take nothing as residuary legatee, and its counsel has ably striven to avoid this result of the proceeding in the chancery court.

Two of the grounds of demurrer filed by the orphan asylum to the bill of complaint are as follows:

(1)  The court has no jurisdiction to grant the relief so far as concerns the  settlement and passing of the accounts of the administrator of the estate.  Those matters must first be fully settled in the probate court, which had taken jurisdiction of the estate for the purpose of administering it.

(2)  The court has no jurisdiction to fix the fee of the administrator, or of his counsel, that being a a part of the administration of the estate over which the probate court had exclusive jurisdiction.

The chancellor overruled the demurrer, but the court of civil appeals stated that it was unnecessary for it to pass upon the question of jurisdiction, and it declined to do so.  We think that it was essentially the right of the demurrant to have the jurisdiction of the chancery court thus challenged passed upon, under its assignment of error in the court of civil appeals.

Thomp. Shan. Code, section 4048, under which the bill of complaint was filed, provides:

"Any distributee or legatee of the estate may, after two years from the grant of letters, apply to the county, circuit or chancery court of the county or district in which administration was taken out, to compel the payment of his distributive share or legacy."

In *Murgitroyde* v. *Cleary,* 16 Lea (84 Tenn.), 539, which was a proceeding in chancery court, it was held that this statute authorizes either of the courts named, upon application of a legatee or distributee, to compel

the personal representative to pay the money or assets
of the estate into court, even before the time has ex-
pired which is allowed by law for the filing of claims
of creditors.   It cannot be that the distribution ordered
in such case would be in disregard of the allowance
and payment of outstanding expenses of administra-
tion, such as the fees of the administrator and his
solicitor.

Indeed, Judge Caruthers in *Taliaferro* v. *Wright,*
1 Tenn. Cas., 178, said that under section 4048 an ad-
ministrator may be compelled to settle and pay over
in a chancery court proceeding, and that there could
be no injury ''to the creditors, because the interests
of all will be carefully guarded by the court, by retain-
ing the case as long as may be necessary for their
protection, and for making the proper decrees and
orders for their safety and for costs,'' thus seemingly
indicating that a court of equity may take up the final
administration even for the benefit of creditors proper.
The case under review, however, does not call for a
decision on the point last indicated, since no creditor
of the estate, in the strict sense, is undertaking to
maintain jurisdiction in the chancery court to admin-
ister to the end that his claim be paid by means of an
accounting.

It was said in *Murgitroyde* v. *Cleary, supra,* that
the statute does not deprive the court of chancery of
its inherent jurisdiction over the administration of es-
tates, which is reserved to the court by Code, section
4279 (Thomp. Shan., section 6088), which is as follows:

137 Tenn.—36

"The chancery court shall continue to have all the prowers, privileges and jurisdiction properly and rightfully incident to a court of equity by existing laws."

This includes the powers and jurisdiction of a court of equity as the same were at common law—the jurisdiction which was exercised by the Lord Chancellor of England sitting as an equity judge. *Lake* v. *McDavitt*, 13 Lea (81 Tenn.), 26, 30.

It therefore follows that when the chancery court is duly resorted to to enforce a settlement in behalf of legatees or distributees under section 4048, and jurisdiction is taken, that court may at least proceed to determine what is the net amount for distribution to the legatees or distributees, and thus fix the compensation properly payable to the administrator and his solicitor, and determine other questions of the amount of costs, charges, etc., properly to be deducted. The chancery court went no further in the pending case. Mr. Gibson in his Suits in Chancery conceives that such an account may be ordered in a chancery proceeding, Section 927.

In both of the cited cases the power of a court of chancery to order the administrator to pay the moneys in his hands into the court's registry is recognized. Payments out and the ascertainment of the proper amounts are, of course, involved, and the determination of expenses and deductions is a necessary incident to the latter step.

But the petitioner insists that the only person who can properly invoke the jurisdiction is a distributee or legatee, since the statute in terms provides that any distributee or legatee may apply to compel the payment of his distributive share or legacy, without naming the personal representative.

The statute has been given a liberal construction. In both of the cases cited above the clause relating to the time of bringing suit "after the expiration of two years from the grant of letters" has been held to be merely directory, and so far so as not to deprive the chancery court of its inherent jurisdiction over such an administration of estates in a proper case.

One of the inherent powers of a court of equity is to entertain a bill filed by a trustee for instructions and directions as to the policy he shall pursue in the conduct of his trust. *Read* v. *Citizens' St. R. Co.,* 110 Tenn., 316, 75 S. W., 1056, and cases cited.

We are of the opinion that, when the legatees made demand on the administrator to make distribution without taking refunding bonds from them, the chancellor properly entertained the 'bill of the administrator which made the legatees defendants. When the section is liberally construed, an action so brought is not without its purview. All parties to be affected are before the court quite as effectually for the protection and enforcement of substantial rights as if the suit had been commenced by one or more of the legatees.

The chancellors properly determined the other disputed questions. They were of opinion that it was not necessary to pass upon the question as to the date from which interest was allowable on the specific legacies, and the court of civil appeals unnecessarily adjudicated the point, which is by no means free from doubt on the facts of this case.

. Modification of the decree of the court of civil appeals and affirmance of that of the chancellor result. Writ of *certiorari* granted, and so ordered.

### ON PETITION TO REHEAR.

When the original opinion in this case was handed down, we were of opinion that, though errors were assigned on the point, it was not necessary to pass upon the question as to the date from which interest should be allowed on the pecuniary legacies. A petition to rehear calls attention to the fact that a lot in the city of Memphis, reckoned by us to be of value $20,000, may probably bring more when put to sale on a rising market and enough to make the question of interest more than academic. In that event the orphan asylum would have become a participant in the distribution as residuary legatee, and its portion would be augmented should the question as to interest be solved in accordance with its contention.

By the general rule of the common law interest was allowable on general pecuniary legacies after one year from the death of the testator, unless the will contained a provision to the contrary. *Ensley* v. *Ensley,* 105 Tenn., 107, 58 S. W., 288, and cases cited.

The rule is an artificial one, borrowed from the English courts, where it was based upon another rule which allowed one year to executors within which to settle estates. We need not inquire whether, since the time for settlement has been changed in Tennessee by statute to two years, the change in the basic reason would not cause the rule itself to be changed. On this point it was said in *Chappel* v. *Theus,* 3 Tenn. Cas., 460:

"In this state the executor would have two years within which to settle the estate, and it would seem the sounder rule that interest should accrue according to the exigencies of the estate in regard to its debts and the situation of. its assets."

In this State the rule has not been conformed to as applicable in every situation. There is no reason why interest in such case should be allowed when in other instances the court would in the exercise of discretion deny interest or postpone the date from which it should be calculated. Interest allowance should not be made on such legacies, treating the general rule as inflexible, when the same facts would impel the court to rule to the contrary in the case of claims other than legacies. That no such distinction should be made is indicated by our decisions.

Thus in *Darden* v. *Orgain,* 5 Cold. (45 Tenn.), 211, 214, it was said:

"Interest is payable on money in general, on the ground of delay in liquidation of the principal; so also, with respect to legacies, it may be stated as a

general rule that it is payable on them from the time at which the principal becomes actually due. 2 Roper on Leg., 184. . . . They [general legacies], in their nature, carry interest as in the case of other claims, with that incident, but the interest is computed from the time the principal is due and payable, if such time can be inferred from the will; but, if not, and no time of payment is fixed, the law, for convenience, has prescribed the general rule that interest shall be computed from the end of one year from the testator's death."

In some jurisdictions the general rule has been adhered to even in cases where the delay in the settlement of the estate, by reason of a contest, was shown to have been participated in by the legatees who claim the interest. *Kent* v. *Dunham,* 106 Mass., 590; In re Woodward, 78 Vt., 254, 62 Atl., 718, 6 Ann. Cas., 524.

In this State, contrary to the decisions in those States where that rigid rule is applied, it is held that delay in payment due to the fault of the legatee operates to deny interest under the general rule. The court said that:

"Interest in such cases is not a matter of positive law; and whether it shall be allowed . . . must depend upon the circumstances of such case." *Laura Jane* v. *Hagen,* 10 Humph. (29 Tenn.), 332.

It is a question on which the courts are divided whether the fact that payment of legacies is delayed

by a contest of the will should affect the right of the legatee to interest under the general rule. 40 Cyc., 2104. We believe that the juster rule is that interest in such event should be allowed only from the date of the termination of the contest. *State* v. *Adams*, 71 Mo., 620; *Church Home* v. *Morris*, 99 Ky., 317, 36 S. W., 2. And see *Wheeler* v. *Ruthven*, 74 N. Y., 433, 30 Am. Rep., 315; *Cobb* v. *Stratton's Estate*, 56 Colo., 278, 138 Pac., 35, Ann. Cas., 1915C, 1166.

The contest is not to be deemed to have been in the mind of the testator when he formulated the proportions for his provisions for the pecuniary legatees, on the one part, and the residuary legatee, on the other. The fairer inference is that he anticipated that a distributon would be made within the statutory period, and in due, usual, and unobstructed course. To allow the fixed legacies to be paid, with interest calculated under the general rule, woula probably be to deny the residuary legatee any part of the bounty the testator intended to bestow upon that charity. The general rule is too rigid to produce a just result when it would thus frustrate the testator's intention.

The rule was adopted as one of convenience, and when in operation it tends to work out an inequitable result, an exception to it should be raised. That which was intended to serve as a mere convenience in ordinary circumstances should not govern where the situation is different.

Goodman v. Palmer.

In the pending case the distribution was delayed by a long and hard-fought contest of the will, without fault on the part of the residuary legatee; and we hold that interest on the general pecuniary legacies accrued from the date on which the final decree was entered in the chancery court terminating the contest in favor of all the legatees.

The petition to rehear is granted, and a decree will be entered in accord with this ruling.