Seppie Ferguson, Admx.,

*v.*

Mrs. Elnora B. Moore, et al.

348 S. W. 2d 496.

(*Nashville*, December Term, 1960.)

Opinion filed July 26, 1961.

W. P. Cooper, and Ennix & Ennix, Nashville, for complainant.

Looby & Williams, Nashville, for defendants in error.

Mr. Justice Felts delivered the opinion of the Court.

This was a bill in equity brought by the administratrix of Samuel Minter, deceased, for an accounting and recovery of money of his estate alleged to have been obtained by defendant[1] by fraud and under a purported will that had been set aside for fraud and undue influence. The remedies of discovery and injunction were also sought.

Defendant demurred to the bill; the Chancellor sustained the demurrer, dissolved the injunction theretofore granted, and dismissed the bill. Complainant appealed to this Court and has assigned the Chancellor's action as error. The bill averred the following facts:—

Samuel Minter, a resident of Davidson County, died intestate April 14, 1959, leaving complainant and his other nieces and nephews as his next of kin, entitled to his estate. He had an account of $1,515.75 in bank and a policy insuring his life for $1,500. Defendant was not related to him, but by fraud and undue influence procured him to sign a paper writing as his last will giving her all his property, and to change the policy beneficiary, making her beneficiary.

Upon his death defendant presented this paper as his will and had it probated in common form in the County Court of Davidson County, and that Court appointed her executrix without bond, she being excused from giving bond by said will and being its sole beneficiary. On May 1, 1959, she had his bank account of $1,515.75 changed to her account as executrix. She also collected his insurance policy.

---

[1] The defendant referred to is Mrs. Elnora B. Moore. The other defendant, the City of Nashville, was made such merely to subject sums it owed her to complainant's claim against her.

On June 30, 1959, complainant and his other nieces and nephews contested this purported will; and on July 30, 1960, there was a verdict and judgment entered in the Circuit Court finding and adjudging that this purported will was not the will of Samuel Minter, deceased, but was void because of defendant's fraud and undue influence; a copy of such judgment being exhibited with the bill.

Following this Circuit Court judgment, there was entered in the County Court of Davidson County, on August 23, 1960, a decree adjudging that Samuel Minter had died intestate, appointing complainant administratrix of his estate, reciting that she had qualified as such, and ordering letters of administration to be issued to her, which was accordingly done; a copy of her letters being exhibited to the bill.

The bill was filed September 27, 1960, nearly 18 months after Minter's death. No claims had been filed against his estate except one for $5 for publishing notice to creditors. Defendant had filed no inventory and made no accounting or settlement and no disclosure as to the insurance money collected by her. The bill prayed for a discovery requiring such disclosure, and for an injunction to restrain her from disposing of any funds in her hands.

Defendant's demurrer was upon two grounds, viz.: (1) Insofar as the bill seeks to set aside the change of beneficiary and recover the policy proceeds from defendant, it fails to show any title or right in complainant to such proceeds; (2) the bill seeks to require an accounting by defendant as executrix appointed by the County Court, which is a matter within the original exclusive jurisdic-

tion of the County Court, and of which the Chancery Court has no jurisdiction.

*First:* We think the bill sufficiently alleges complainant's title or right to this insurance money. It avers that her intestate had this policy on his life for $1,500, and was induced by defendant's fraud to make her the beneficiary, by which she was able to collect the money upon his death; and "that this $1,500 insurance money is the property of the estate, and defendant is accountable to complainant administratrix of the estate."

We think this general averment, that "this $1,500.00 insurance money is the property of the estate" and complainant is the administratrix of the estate, was a sufficient averment of the fact. Courts make every reasonable presumption in favor of a bill assailed by demurrer and

> " 'A general charge or statement of a matter of fact is sufficient, and it is not necessary to charge minutely all the circumstances that may conduce to prove the general charge. These circumstances are properly matters of evidence.' " *McFarland v. Mass. Bonding & Ins. Co.,* 157 Tenn. 254, 260, 8 S.W.2d 369, 371, 64 A.L.R. 962.

*Second:* In support of the other ground of demurrer, defendant insists that the County Court has original exclusive jurisdiction of the "settlement of accounts of executors or administrators" (T.C.A. sec. 16-709); that this bill sues defendant for an accounting as executrix; and that such a suit is within the exclusive jurisdiction of the County Court, and the Chancery Court has no jurisdiction of it.

■ The Chancery Court of Tennessee has the inherent jurisdiction of "all cases of an equitable nature" which was exercised by the Lord Chancellor of England, as an equity judge. *Lake v. McDavitt,* 81 Tenn. 26, 30. Recognizing such jurisdiction, our statute provides: "The Chancery Courts shall continue to have all the powers, privileges, and jurisdiction, properly and rightfully incident to a court of equity, by existing laws" (1858 Code, sec. 4279; T.C.A. sec. 16-601).

This statute added nothing but was merely declaratory of the court's pre-existing jurisdiction. 1 Gibson's Suits in Chancery (5th ed.), secs. 20-24. *Tritschler v. Cartwright,* 46 Tenn.App. 662, 333 S.W.2d 6-9.

■■ Among the well established heads of this inherent equity jurisdiction are suits involving "trusts," or for an "accounting," or for a "discovery" or "injunction." 1 Gibson's, sec. 29. As this suit involves a trust and seeks an accounting, discovery and injunction, it is within this inherent jurisdiction of the Chancery Court.

■ While our statutes vest in the County Court original jurisdiction of the granting or revoking of letters testamentary or of administration, "the settlement of accounts of executors or administrators" (T.C.A. sec. 16-709), and concurrent jurisdiction of applications for payment of legacies or distributive shares (1858 Code, sec. 2312; T.C.A. sec. 30-1313), these statutes *do not deprive* the Chancery Court of its *inherent jurisdiction over the administration of estates.*

That this is true, is shown by a review of our cases. Most of them have arisen in connection with 1858 Code, sec. 2312, which is in these words: "Any distributee or legatee of the estate may, after the expiration of two

years [now 18 months, T.C.A. sec. 30-1313] from the grant of letters, apply to the County, Circuit, or Chancery Court of the county or district in which administration was taken out, to compel the payment of the distributive share or legacy.''

In *Taliaferro v. Wright*, 1861, 1 Tenn. Cas. 178 (opinion by Caruthers, J.), a bill was filed in chancery by distributees and legatees to compel the executor to settle the estate and pay the distributive shares and legacies, within seven months after the grant of letters to him. The bill was dismissed on demurrer. This Court reversed, and held that the Chancery Court had jurisdiction to decree that the executor make settlement and pay the legacies and distributive shares, within the two years allowed by the statute, since the Court, by making proper orders and decrees, could protect the rights of creditors and all other persons.

In *Bowers v. Lester*, 1870, 49 Tenn. 456, 462, construing the statute (2312), this Court held: (1) that it limited the jurisdiction of the County Court to summary applications where the amount of such share could be determined by simple calculation, without controversy or litigation; and (2) that it did not affect the Chancery Court's inherent jurisdiction over the administration of estates.

In *Parkes v. Parkes*, 3 Tenn. Chy. (Cooper's), 647 (1878), a distributee filed a bill in the Chancery Court at Nashville ''for a settlement of the administration and to recover his distributive share.'' The defendant administrator demurred on the ground that the Chancery Court had no jurisdiction, that exclusive jurisdiction was in the County Court of Lawrence County where the administrator was appointed and the administration was

pending. Chancellor Cooper overruled this demurrer and pointed out that:

"[S]ection 2312 has been construed by the Supreme Court, in *Bowers v. Lester,* 2 Heisk. 456, to be limited to summary applications where, by simple calculation from recognized full settlements, a distributive share can be ascertained, and *as not affecting in any way the general and inherent jurisdiction of the Court of Chancery over administrations*" (italics ours).

In *Murgitroyde v. Cleary,* 84 Tenn. 539, it was held that the Chancery Court had inherent jurisdiction over the administration of estates, and could compel the administrator to settle the estate and pay the distributive shares before the end of the two years allowed by the statute. The opinion in that case was written by that master of equity, the Honorable William F. Cooper, formerly Chancellor, then a member of this Court. He said:

"[T]he statute does not deprive the court of chancery of its inherent jurisdiction over the administration of estates, which is reserved to the court by the Code, section 4279 [T.C.A. sec. 16-601]. *That court,* at the instance of any of the parties interested, *may take cognizance of matters of administration at any time*" (italics ours).

In *Goodman v. Palmer,* 137 Tenn. 556, 195 S.W. 165, it was held that the Chancery Court had inherent jurisdiction over the settlement of estates, and could fix fees of the administrator, c.t.a., and of his counsel, and decree that he settle his accounts and pay over the legacies, without requiring the usual refunding bond; and the Court quoted approvingly the excerpt above quoted from *Murgitroyde v. Cleary,* supra.

In *Chester v. Turner,* 153 Tenn. 451, 284 S.W. 365, a suit in Chancery was brought to compel the administrator to settle his accounts and pay the estate to complainant as next of kin. The Chancellor sustained a demurrer to his jurisdiction on the ground that the matter was within the exclusive jurisdiction of the Probate Court of Shelby County. This Court reversed the Chancellor, reviewed prior cases, and quoted approvingly the same excerpt from *Murgitroyde v. Cleary,* supra.

While in *Teague v. Gooch,* 206 Tenn. 291, 333 S.W.2d 1, this Court disapproved of *Bowers v. Lester,* supra, in certain respects, there was no disapproval of its main holding that the statute did not affect the inherent jurisdiction of the Chancery Court. On the contrary, the Court quoted approvingly from *Chester v. Turner,* supra, as follows:

"'* * * the statute does not deprive the court of chancery of its inherent jurisdiction over the administration of estate[s], which is reserved to the court by the Code', now 16-601 T.C.A., providing that 'the chancery court shall have all the powers, privileges and jurisdiction properly and rightfully incident to a court of equity'" (333 S.W.2d 5; see Professor Trautman's comment, 13 VLR 1101-1103).

Nothing contrary to the above cases can be found in the cases relied on by defendant: *Bellenfant v. Am. Nat. Bank,* 184 Tenn. 50, 195 S.W.2d 30; *Fox v. Commerce Union Bank,* 186 Tenn. 181, 209 S.W.2d 1. An examination of these cases shows that neither of them involved or considered any question as to the general inherent jurisdiction of the Chancery Court over the administration of estates.

*Bellenfant v. Am. Nat. Bank,* supra, was a suit in the Chancery Court to remove an administrator appointed by the County Court, upon the allegation that his intestate had never been a resident of that county. It was held that the Chancery Court had no power to remove the administrator, since the statute vested the County Court with original exclusive jurisdiction of granting and revoking letters of administration (1932 Code, sec. 10225 (2); now T.C.A. sec. 16-709(2)).

*Fox v. Commerce Union Bank,* supra, was a controversy over the right to administer decedent's estate and over related questions as to details of such administration which was pending in the County Court. It was held that jurisdiction of these matters was not in the Chancery Court but in the County Court, where the administration was pending.

In neither of these cases was there an effort to invoke the inherent jurisdiction of the Chancery Court over the administration of estates, to have that court decree a settlement of the administration and payment by the administrator of the distributive shares, as was done in *Taliaferro v. Wright,* supra; *Parkes v. Parkes,* supra; *Murgitroyde v. Cleary,* supra; *Goodman v. Palmer,* supra; and *Chester v. Turner,* supra.

In these cases the Chancery Court took jurisdiction of the administration pending in the County Court *where there was no question as to the authority of the executor or the administrator.* The case before us is even stronger; for the defendant is not to be regarded as an executrix or as engaged in administration of the estate, but rather as an adverse claimant wrongfully withholding money of

the estate from the administrator appointed by the County Court.

 She was appointed executrix under the will which has been set aside for fraud and undue influence and which was, therefore, void *ab initio*. *State v. Lancaster,* 119 Tenn. 638, 651, 105 S.W. 858, 859, 861, 14 L.R.A., N.S., 991. Her office as executrix ceased on the setting aside of the will. *Kilton v. Anderson,* 1893, 18 R.I. 136, 137, 25 A. 907, 49 Am.St.Rep. 751; *Smith v. Stockbridge,* 39 Md. 640, 645; 21 Am. Jur., Ex'rs. & Admrs., sec. 146, p. 456.

This is so even though the County Court entered no order expressly revoking her appointment as executrix. In such case as this, the appointment of complainant as administratrix amounted to a removal of defendant as executrix, though no formal order of removal was made. Annotation 8 A.L.R. 177, citing, among other cases, *Loveman v. Taylor,* 1886, 85 Tenn. 1, 2 S.W. 29.

For these reasons, the decree of the Chancellor, sustaining the demurrer and dismissing the bill, is reversed and the cause is remanded to that Court for further proceedings not inconsistent with this opinion. The costs of the appeal are adjudged against defendant.