IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

January 6, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| IN RE: ESTATE OF B. RAY THOMPSON, SR. | ) ) ) | BLOUNT COUNTY 03A01-9602-PB-00075 |
| B. RAY THOMPSON, JR., Individually, and as Co-Trustee Under An Agreement with B. Ray Thompson, Sr., Dated January 9, 1987 | ) ) ) ) ) ) | |
| Petitioner-Appellant | ) ) | |
| v. | ) ) ) | HON. HUGH E. DeLOZIER, JR., JUDGE |
| LINDSAY YOUNG, CARL C. ENSOR, JR., and MERLE D. WOLFE, Individually and as Executors under the will of B. Ray Thompson, Sr., Deceased | ) ) ) ) ) ) | |
| Respondents-Appellees | ) | VACATED AND REMANDED |

R. LOUIS CROSSLEY, JR., OF KNOXVILLE; EUGENE G. PARTAIN and JAMES C. SNYDER, JR., OF ATLANTA, GEORGIA FOR APPELLANT

DAVID T. BLACK OF MARYVILLE and MARK BAKER OF HOUSTON, TEXAS FOR APPELLEE LINDSAY YOUNG

GEORGE W. MORTON OF KNOXVILLE FOR APPELLEES CARL C. ENSOR, JR., and MERLE D. WOLFE

O P I N I O N

Goddard, P.J.

We granted a Rule 9 appeal in this case to resolve an impasse between the Circuit Court for Blount County, Equity Division, and the Probate Court for Blount County--which by Private Act is the General Sessions Court--to determine which Court has jurisdiction to resolve the allegations of the complaint in this case.

B. Ray Thompson, Sr., a resident of Blount County, died on October 22, 1987, and his last will and testament was probated in the Probate Court for Blount County. On November 10, 1994, a petition was filed in the Probate Court, seeking to close the estate. In response to the petition, his son, B. Ray Thompson, Jr., individually and as a co-trustee under an agreement with his father, dated January 9, 1987, filed a petition on May 15, 1994, seeking removal of the Executors of the Estate, and damages by reason of the Executors breaching their fiduciary duties.

The specific complaints are summarized in the Son's brief, as follows:

Filed a document with the Internal Revenue Service which appears on its face to have been falsified;

Paid millions of dollars of purported pledges and debts of the deceased without authorization under the will or the law;

Participated in or condoned transactions in which they or other Executors had a personal or financial interest to the detriment of the Estate;

2

Caused the Estate to pay Tennessee income taxes for which it was not liable;

Failed to timely file a tax return resulting in a loss of a refund of over $150,000;

Failed to detect and pursue legal and accountant malpractice claims;

Paid themselves executor's commissions and attorney's fees to Executor Lindsay Young's law firm without seeking the court approval that was required of them by law;

Unduly prolonged the administration of the Estate; and

Otherwise took imprudent and unauthorized actions to the detriment of the Estate and its beneficiaries.

On June 26, 1995, the Executors filed a petition for removal, for certiorari and supersedes, and a complaint for declaratory relief in the Circuit Court for Blount County, Equity Division, seeking to remove and transfer administration of the Estate to the Circuit Court. On the same date, the Executors filed a motion to dismiss the Son's petition in the Probate Court.

A hearing was held in the Circuit Court on July 17, and on September 18, a judgment was entered dismissing the petition on the ground that the Circuit Court lacked jurisdiction to grant the relief sought.

On December 13, the Probate Court, sua sponte, entered a memorandum opinion and order directing the Clerk of the Probate Court to certify the petition, together with all the pleadings to

3

the Circuit Court for further proceedings, based upon the following conclusions:

> 1. That while the Probate Court for Blount County, Tennessee has subject matter jurisdiction over some issues raised in the Petition, its limited, statutory jurisdiction is exceeded in others.
>
> 2. That the Probate Court for Blount County, Tennessee has no authority to empanel a jury.

On December 15, 1995, the Son filed a petition in Probate Court requesting an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure, which was ultimately granted by the Probate Court and this Court.

Probate jurisdiction in this State has had a checkered past. In resolving the issues raised in this appeal it is necessary that we examine Public and Private Acts, and an amendment to our State Constitution.

We begin our discussion with Chapter VI of the Public Acts of 1835 which--as pertinent to this appeal--after providing for a county court composed of Justices of the Peace, addressed probate jurisdiction as follows:

> *Sec. 2. Be it enacted*, That it shall be the duty of the justices of the peace to attend at the court houses of the respective counties on the first Monday in every month; and one third, or twelve of the acting justices in each county, shall be a competent quorum to do and transact all kinds of public or county business prescribed by this act, except to assess a tax, or to appropriate public money, which shall require a

4

majority of all the magistrates of the county to vote in the affirmative: *Provided,* that twelve justices, or one third, shall have power to make appropriations for county purposes, not exceeding fifty dollars: *Provided,* that three of said justices, at their sessions, shall have power to take probate of wills, all instruments of writing, which by the existing laws, are required to be proved and registered, grant letters of administration, appoint guardians, appoint overseers of roads, and to do all other county business, which, by the laws heretofore in force, three were a sufficient number to transact.

Subsequently, an amendment to the State Constitution which became effective in March 1987, amended Article VII, Section 1 of the Constitution. This Amendment provided in part the following:

**Sec. 1. County government -- Elected officers -- Legislative body -- Alternate forms of government. --** The qualified voters of each county shall elect for terms of four years a legislative body, a county executive, a Sheriff, a Trustee, a Register, a County Clerk and an Assessor of Property. Their qualifications and duties shall be prescribed by the General Assembly. Any officer shall be removed for malfeasance or neglect of duty as prescribed by the General Assembly.

In response to the Constitutional amendment the Legislature, with certain exceptions, transferred probate jurisdiction to the Chancery Court by enacting Chapter 875 of the Public Acts of 1980 (now codified as T.C.A. 16-16-201):

WHEREAS, Article 7, Section 1 of the Constitution of Tennessee, as amended, created the office of county executive, thereby effectively abolishing the office of county judge and chairman; and

5

WHEREAS, Tennessee Code Annotated, Section 5-606, provides that, except as otherwise provided by general law or by special, local or private acts, the judicial authority formerly exercised by the county judge or county chairman shall be vested in the county executive, and pursuant to that statute the county executive in many counties of Tennessee has exercised the probate jurisdiction previously exercised by the county judge or chairman; and

WHEREAS, in the case of Waters v. State ex rel Schmutzer, 583 S.W. 2d 756, the Supreme Court of Tennessee, on June 28, 1979, held that the judicial authority of a juvenile court, or other judicial powers cannot be vested in the county executive, and that the foregoing provision of Tennessee Code Annotated, Section 5-606, is unconstitutional; now, therefore,

BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF TENNESSEE:

SECTION 1.

(a) In all counties where not otherwise specifically provided by public, private, special or local acts, all jurisdiction relating to the probate of wills and the administration of estates and related matters heretofore vested in the county court, the county judge or county chairman, is hereby vested in the chancery court of the respective counties. The chancery court in such counties shall have exclusive jurisdiction over the probate of wills and the administration of estates, and all matters relating thereto, heretofore vested in the county court, the county judge or county chairman. (Emphasis supplied.)

The Probate Court for Blount County fell within the exception in the Statute by virtue of Chapter 202 of the Private Acts of 1965:

"Section 19. *Be it further enacted,* That said Court of General Sessions of Blount County, Tennessee is hereby vested with all jurisdiction and shall exercise the authority conferred by the legislature upon the County Judge or Chairman of the County Court in probate, decedents' estates, guardianship, conservatorship, insanity, lunacy,

6

feeble-minded, persons of unsound mind, juvenile, bastardy, illegitimates, legitimation, change of name, partition, condemnation, sale of property, foreclosures of mortgages and vendors liens, foreclosures of other liens, workmen's compensation, and abandonment of wife or child cases, suits, proceedings and actions, which jurisdiction shall be co-extensive with Blount County, Tennessee; provided, however, nothing in this act shall be construed to divest the Judge of the County Court of his jurisdiction and authority as financial or fiscal agent of said County and as presiding Judge of the Quarterly County Court."

After the Constitutional amendment, the foregoing Private Act was amended by Chapter 60 of the Private Acts of 1987:

(b) The court of general sessions of Blount County shall also be vested with all jurisdiction, powers and authority relating to the probate of wills and the administration of estates as is conferred by law upon probate courts.

The Executors concede that the Probate Court for Blount County has authority to hear certain issues raised in this dispute,[1] but that it does not have jurisdiction to hear other matters nor to empanel a jury.

On the other hand, the Son insists that as to Blount County the exception to T.C.A. 16-16-201, which we have emphasized, removed all probate jurisdiction, both statutory and inherent, from the Chancery Court.

_____

[1] The Executors' brief states the following:

[T]he Probate Court can remove the executors and/or surcharge the executors for waste of the assets . . . .

7

We are not prepared to say that the quoted exception to the general grant of probate jurisdiction to the Chancery Court removes a Chancery Court's inherent jurisdiction to administer estates, which has been recognized in various appellate pronouncements. Dick v. Dick, 223 Tenn. 228, 443 S.W.2d 472 (1969); Ferguson v. Moore, 209 Tenn. 29, 348 S.W.2d 496 (1961); Jo. C. Bowers et als. v. P. S. Lester, Adm'r, c.t.a., 49 Tenn. 456 (1870). We do believe, however, that it was the intent of the Legislature to vest in the Chancery Court plenary probate jurisdiction, and by the exception and the Private Acts addressing probate jurisdiction in Blount County--especially the one enacted in 1987, after the general statute was adopted--to vest plenary jurisdiction in the Probate Court for Blount County as well.

Moreover, as already noted, the Executors concede that the Probate Court has jurisdiction of certain of the issues raised, and it would seem appropriate that it be entitled to resolve all issues ancillary thereto, with the exception of matters specifically directed by statute to be tried elsewhere, such as the issue of devisavit vel non, T.C.A. 32-4-104, and claims against estates and exceptions thereto when a jury has been demanded, T.C.A. 30-2-314.

Rule 38.01 of the Tennessee Rules of Civil Procedure, which are applicable to probate courts, provides that "the right

8

of trial by jury as declared by the Constitution or existing laws of the state of Tennessee shall be preserved to the parties inviolate."

We recognize that a jury trial in a Probate Court is not the common practice. Nevertheless, given the propensity of the Legislature to grant jury trials to litigants, as evidenced by the enactment of T.C.A. 21-1-103, which grants such in chancery cases, which theretofore had been almost exclusively non-jury, and the further fact that the Judge of the Probate Court in Blount County is an attorney, we see no impediment to jury trials in that forum and, in fact, consider it salutary to permit the factual issues to be resolved by a jury.

In reaching our conclusion we point out that under the provisions of T.C.A. 21-1-103, above noted, the chancellor has discretion to refuse a jury trial should the court determine that resolution of factual issues involves complicated accounting. We believe this Rule should also obtain in courts other than chancery where probate jurisdiction is exercised.

For the foregoing reasons the judgment of the Probate Court transferring the matter to the Equity Division of Chancery Court is vacated and the cause remanded to the Probate Court for further proceedings not inconsistent with this opinion. Exercising our discretion, the costs of appeal are adjudged one-half against the Son and one-half against the Executors.

9

_____
Houston M Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
Charles D. Susano, Jr., J.