IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 23, 2015

**IN RE ESTATE OF DOROTHY JEAN MCMILLIN**

**Appeal from the Chancery Court for Knox County**
**No. 731563      Michael W. Moyers, Chancellor**

_____

**No. E2014-01199-COA-R3-CV-FILED-FEBRUARY 12, 2015**

_____

This is an estate case. Appellant was the executor of his mother's estate. Appellant's siblings, Appellees herein, brought suit against the Appellant in the Knox County Chancery Court for depletion of the estate alleging he exercised undue influence over the decedent to obtain certain funds for himself and his wife. A jury awarded the estate $284,800, and that award is on appeal. While that appeal was pending, the Probate Division of the Knox County Chancery Court heard Appellees' motion filed in the estate case to have the Appellant removed as executor of the estate. The Probate Division of Knox County Chancery Court granted the Appellees' motion removing the Appellant. Appellant appeals, arguing that because the depletion case was on appeal, the Probate Division of the Knox County Chancery Court lacked jurisdiction to remove him as executor of the estate. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed**

KENNY ARMSTRONG, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Appellant Paul L. McMillin, Knoxville, Tennessee, _pro se._

Bruce Hill, Sevierville, Tennessee, for the appellees, James McMillin and Iris Davenport.

**OPINION**

**I. Background**

1

Dorothy Jean McMillin ("Decedent") died testate on November 18, 2012. The devisees under the Decedent's will were her children: Paul McMillin ("Appellant"), James McMillin, Iris Davenport, and Linda Cole. The will designated Paul McMillin as executor of the estate. On March 28, 2013, James McMillin and Iris Davenport (together, "Appellees") brought suit against Paul McMillin for depletion of the estate ("the depletion case") in Knox County Chancery Court. In their lawsuit, the Appellees alleged that the Appellant had exercised undue influence over the Decedent and had, thereby, obtained hundreds of thousands of dollars from the estate. After a two-day trial, a jury awarded the estate a judgment against Paul McMillin in the amount of $284,800. The Knox County Chancery Court entered its final order in the jury trial on March 4, 2014. On March 18, 2014, Appellant appealed that award to this Court in a separate appeal.[1]

On September 26, 2013, before the depletion case was decided, the Appellees filed a motion in the Probate Division of the Knox County Chancery Court where the estate case was pending to remove Paul McMillin as executor of the estate. On March 6, 2014, the Clerk and Master of Chancery Court, acting as a Special Master, heard the motion. At the hearing on the motion, Appellees argued that the Appellant had a conflict of interest that prevented him from being able to carry out his fiduciary duties to the estate. The Special Master orally presented findings and conclusions on March 31, 2014 and recommended, in his report dated April 1, 2014, that Paul McMillin be removed as executor of the estate and the estate letters be revoked. On May 23, 2014, Chancellor Moyers, acting as Probate judge, entered an order adopting the Special Master's report and removing Appellant as executor of the estate. Paul McMillin appeals.

## II. Issue

The only issue before this court is whether the Probate Division of the Knox County Chancery Court had jurisdiction to remove Paul McMillin as executor of Decedent's estate.

## III. Analysis

We review this case to determine whether the trial court had jurisdiction to remove the Appellant as executor of the estate while the depletion case is on appeal. Although not specifically implicated by Appellant's argument, we first review whether the trial court had subject matter jurisdiction. "Subject matter jurisdiction may be raised at any time by the parties or by the appellate court *sua sponte* on appeal." **Holley v. Holley**, 420 S.W.3d 756 (Tenn. Ct. App. 2013) (citing **County of Shelby v. City of Memphis**, 365 S.W.2d 291 (Tenn. 1969)). Because "a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness." **Northland Ins. Co. v. State**, 33 S.W.3d 727, 729 (Tenn. 2000).

---

[1] Case No. E2014-00497-COA-R3-CV.

"Tennessee's courts derive subject matter jurisdiction from the state constitution or a legislative act." **Estate of Brown**, 402 S.W.3d 193, 198 (Tenn. 2013). Tennessee Code Annotated Section 16-16-201(a) provides that "In all counties where not otherwise specifically provided by public, private, special or local acts, all jurisdiction relating to the probate of wills and the administration of estates…is vested in the chancery court of the respective counties." It is well settled that courts exercising probate jurisdiction may remove an executor. *See* Tenn. Code Ann. § 30-1-151 ("An executor or administrator may be removed in accordance with the procedure in [Tennessee Code Annotated] § 35-15-706."); **In re Estate of Thompson**, 952 S.W.2d 429, 432 n.1 (Tenn. Ct. App. 1997). A court may remove an executor if, "[b]ecause of unfitness, unwillingness, or persistent failure of the [executor] to administer the [estate] effectively, the court determines that removal of the [executor] best serves the interest of the beneficiaries." Tenn. Code Ann. § 35-15-706(b)(3). In removing the Appellant, the chancery court was exercising probate jurisdiction in this case, which includes the power to remove executors. This jurisdiction has been conferred by statute, and, thus, we hold that the trial court had subject matter jurisdiction to remove the Appellant as executor of the estate.

We now turn to the issue raised by Appellant of whether the trial court erred by deciding the motion for removal while the appeal in the depletion case was pending before this Court. The crux of Appellant's argument appears to rest on the principle that trial courts and appellate courts cannot have concurrent jurisdiction over the same case. Appellant also asserts that the trial court lacked jurisdiction to remove him as executor of the estate because the trial court relied on the judgment and evidence presented in the depletion case to decide the motion for removal. Consequently, Appellant argues, the trial court decided issues that are before this Court on appeal and, thus, acted beyond its jurisdiction.

"Perfecting an appeal vests jurisdiction over the case in the appropriate appellate court." **First American Trust Co. v. Franklin-Murray Development Co., L.P.**, 59 S.W.3d 135, 141 (Tenn. Ct. App. 2001) (citing **State v. Pendergrass**, 937 S.W.2d 834, 837 (Tenn. 1996)). "[O]nce a party perfects an appeal from a trial court's final judgment, the trial court effectively loses its authority to act in the case without leave of the appellate court." *Id.* "An appellate court retains jurisdiction over a case until its mandate returns the case to the trial court." *Id.* (citing **Raht v. Southern Ry. Co.**, 387 S.W.2d 781, 787 (Tenn. 1965)). "[I]t is well settled that a judgment beyond the jurisdiction of a court is void." **Pendergrass**, 937 S.W.2d at 837. Appellant contends that the appeal in the depletion case brought the motion to remove within this Court's jurisdiction, and, therefore, the trial court's order removing the Appellant is void for lack of jurisdiction. We disagree. The depletion case and the estate case are two separate matters handled by two different chancellors. The appeal of the depletion case in no way operated as a stay of the estate proceeding which was pending in a separate division of the chancery court.

We now turn to Appellant's argument that the Probate judge erred in relying on the judgment in the depletion case to remove him as executor. As noted earlier, after an evidentiary hearing, the Special Master made oral findings and recommendations. These oral findings and recommendations were incorporated into a Master's Report, which the trial court later adopted as its final order. The Special Master reported that "there are too many obvious conflicts existing within the [Appellant] individually and in his capacity as a fiduciary to allow him to continue to remain as the executor of the estate." The Special Master further noted that there was a conflict in testimony regarding whether certain money transfers by the Appellant were from one estate account to another, "with no overall increase or decrease in estate assets, or whether disbursements reduced the overall estate assets and benefited the executor to the detriment of the other beneficiaries." The Clerk and Master also reported that the testimony was "inconsistent with respect to distributions to the executor's biological son and step-son regarding…construction and whether those benefited the [Appellant's] family." The Special Master noted that "there are accounting issues for which an agreed order was entered requiring the executor to file an inventory." Despite these accounting issues and the agreed order, the Special Master stated that "[n]o accounting or inventory [has] been supplied by the executor as ordered," and the Special Master determined that "an audit of the executor's accounts will be necessary in this administration."

Based upon these findings, the Special Master concluded that "circumstances that exist in this estate create an inescapable conflict of interest with [the Appellant's] and his family's personal interests and the interests of the estate and beneficiaries." Therefore, the Special Master reported that "it was in the best interest of the estate and beneficiaries that [the Appellant] be removed" as executor. The trial court in its order also concluded that the Appellant's conflict of interest was apparent, "based upon the judgment against him in the favor of the estate for $284,000.00 which conflicts with his fiduciary duties owed to the beneficiaries of the estate…."

It is well established that "a Court speaks through its orders and decrees…." *Palmer v. Palmer*, 562 S.W.2d 833, 837 (Tenn. Ct. App. 1977). Although the trial court's final order very clearly concludes that a conflict of interest exists based upon the judgment against the Appellant in favor of the estate, this is not the only ground that the trial court relied on for its determination. As set out above, the Special Master reported the existence of multiple estate accounts, payments to the Appellant's family from estate funds, and the Appellant's failure to properly account for estate assets. These circumstances were demonstrated by testimony at the hearing on the motion for removal, and not from evidence presented in the depletion case. From the trial court's order adopting the Special Master's findings and conclusion, we conclude that it was the evidence adduced at the removal hearing, and not the jury award alone, that formed the basis for the trial court's decision to remove the Appellant as executor of the estate.

From our review of the transcript of the proceedings, the Master's Report, and the trial

court's final order, we cannot find, nor has the Appellant specified, any evidence from which we could conclude that the trial court relied solely on evidence adduced at the depletion trial in reaching its decision on removal. Moreover, Appellant has not demonstrated how the issue of his removal was an issue decided in the depletion case. The Appellant has not cited, nor does our research reveal, any caselaw from which we can conclude that a trial court must wait for a pending appeal to be resolved before relying on the evidence presented in that case. In any event, both the evidence and issues presented to the trial court on the motion to remove were separate from the issues presented in the depletion case which is now on appeal. Accordingly, the trial court did not act outside its jurisdiction in removing Paul McMillin as the executor of the estate.

## IV. Attorney's Fees

The Appellees have requested that this Court award them attorney's fees expended in defense of this appeal on the ground that Appellant's appeal is frivolous. Courts may award damages to a non-appealing party when it appears that an appeal is frivolous or taken solely to delay. *See* Tenn. Code Ann. § 27-1-122. "An appeal is deemed frivolous if it is devoid of merit or if it has no reasonable chance of success." ***Wakefield v. Longmire***, 54 S.W.3d 300, 304 (Tenn. Ct. App. 2001). "[I]mposing a penalty for a frivolous appeal is a remedy which is to be used only in obvious cases of frivolity and should not be asserted lightly or granted unless clearly applicable—which is rare." ***Henderson v. SAIA Inc.***, 318 S.W.3d 328, 342 (Tenn. 2010). Although we resolve this appeal in Appellees' favor, we are not persuaded that this appeal is completely devoid of merit. Therefore, we respectfully deny Appellees' request for attorney's fees.

## V. Conclusion

For the foregoing reasons, we affirm the judgment of the trial court. The case is remanded to the trial court for further proceedings as may be necessary and are consistent with this opinion. Costs of this appeal are taxed to the Appellant, Paul McMillin, and his surety, for all of which execution may issue if necessary.

_____

KENNY ARMSTRONG, JUDGE