Fox *et al. v.* COMMERCE UNION BANK.

(*Nashville*, December Term, 1947.)

Opinion filed February 28, 1948.

WILLIAMS, CUMMINGS & WEST, of Nashville, for appellants.

CHARLES L. CORNELIUS, JR., and W. OVID COLLINS, both of Nashville, for appellee.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

This is an appeal from the decree of the Chancellor sustaining a demurrer to complainant's bill. We state as facts the material allegations of that bill.

The County Court of Davidson County granted to the Commerce Union Bank, appellee here, letters of administration on the estate of Harry Walters. The children of Harry Walters, who are the appellants here, unsuccessfully contested the appointment of the bank as administrator on the ground that they, or some of them as next of kin, were under the statute entitled to the appointment. Upon their appeal to the Circuit Court it was held that the County Court erred in appointing the bank. The bank appealed and has since "continued to act as administrator." In so far as this record discloses, that appeal has never been determined.

Harry Walters at the time of his death was engaged in a business which had a very substantial amount of money on deposit in the appellee bank. G. Jack Walters, the father of Harry Walters, was associated with his son in some capacity in this business. After the death of Harry Walters, this father, acting on the theory that the business was a partnership in which he owned an interest, appointed this bank liquidating agent to wind up that business. In the course of doing so, this bank has collected quite a substantial sum of money, and has sold the business for another substantial sum.

Within approximately three months after the death of Harry Walters the father, G. Jack Walters, died testate and the County Court of Davidson County appointed this same bank executor of his estate.

The bill in this case was filed by the children of Harry Walters as his next of kin. It makes the Commerce Union Bank a defendant in its individual capacity, as administrator of the one estate, as executor of the other, and as liquidating agent of this business.

■ The bill alleges that the bank as administrator of the Harry Walters' estate paid excessive fees to lawyers for services rendered and paid to itself out of the assets of this estate various items of compensation to which it was not entitled. It is sought to have a decree declaring the extent to which such fees and compensations are excessive and an order that the bank be required to refund such excess to the estate. The demurrer to the effect that this was an unauthorized attempt to have the Chancery Court usurp the duties and authority of the County Court was properly sustained. The question of the propriety of these fees and compensations and the amount thereof is solely a matter originally for the Probate Court when the administrator bank makes its settlement in that Court, as

required by law. Code Section 8244 *et seq.; In re Love's Estate*, 176 Tenn. 704, *et seq.*, 145 S. W. (2d) 778.

 Another item of relief sought by the bill is that the bank reveal in this suit exactly what the assets and liabilities of this business were when it became liquidating agent on March 24, 1944, and the profits realized from its operation of the business through April 19, 1944. This likewise is an attempt to make an unauthorized intrusion upon the original jurisdiction of the County Court by seeking to require the administrator to state an account of the assets which came or should have come into its hands in a Court other than that in which the estate is by authority of law being administered. When the bank comes to make its settlement in the County Court it will necessarily have to show what assets from this business came into its hands as administrator. We know of no authority under the allegations of this bill, nor are we cited to any, which permits a distributee of that estate, pending the administration, to bring the adminstrator into a different Court and require such administrator in such second Court, pending administration, to show what assets have come into its hands as administrator. The Chancellor correctly sustained the demurrer insisting that such sought for relief was an unauthorized intrusion upon the jurisdiction of the County Court where the administration of the estate is pending. What is here said equally applies to the prayer that the administrator be required to show the election made by it under Code Section 7881 with reference to the continuation of this business from March 24, 1944, the death of its intestate, through April 19, 1944.

The final relief sought in the bill is that the Chancellor ''appoint an administrator *ad litem* of the estate of Harry G. Walters in order that said administrator may represent the said estate fairly and impartially, and that he be

authorized to take all steps necessary to protect the estate." It was successfully insisted by the demurrer that this likewise amounted to an effort to usurp the duties and functions of the County Court in its right to control, within the law, the administration of this estate.

The allegations of the bill force the conclusion that this broad prayer seeking the appointment of an administrator *ad litem*, so called, was not an inadvertence upon the part of the pleader. The bill, in referring to the administration, the executorship and the liquidating agent, alleges that "these offices involve duties which made it improper for all three to be held by the same person." It also alleges that if the bank administrator "continues to fill both offices it may find itself" etc. Again it charges that "upon the foregoing facts complainants charge that it is the duty of the defendant bank to divest itself of the administration of one of the estates," etc.

We are not aware of any authority which would permit the Chancery Court to appoint an administrator *ad litem* to represent generally an estate being administered in the County Court, as sought by this prayer. The granting of such broad relief would violate and defeat code section 10225, providing that "the county court has original jurisdiction in . . . (2) The granting of letters . . . of administration, and the repeal and revocation thereof. (3) All controversies in relation to the right of executorship or of administration." *Bellenfant* v. *Am. Nat. Bank et al.*, 184 Tenn. 50, 195 S. W. (2d) 30.

This brings our consideration of this case, in the condition of the pleadings, to its final question. Considered as a whole, the bill should properly be construed to allege, in substance, that the estate of G. Jack Walters is not an equal partner in the business heretofore referred to, if, in fact, it owns any interest therein. It is then asserted

that it is the duty of the bank as administrator of Harry Walters' estate to ascertain, in so far as it can, whether G. Jack Walters owned any interest in this business, and if so, the extent thereof, and that it is within the power of this bank to ascertain that important fact, because this business did for years do its banking with this bank and, therefore, within the possession of this bank are the checks and records which it is alleged will disclose the interest, if any, of the G. Jack Walters estate in this business. It is then alleged that the bank, executor of the estate of G. Jack Walters, refuses or neglects to make the investigation which would establish the respective interests of the two estates in this business. The allegation is that the interest of the bank as executor of the G. Jack Walters estate is adverse to its interest as administrator of the Harry Walters estate and, therefore, it is not in a position to fairly represent the Harry Walters estate. The bill prays that the bank be required to produce the bank records disclosing the participation of Harry G. and G. Jack Walters in the profits of the business during the three years preceding liquidation.

.It is insisted by appellants that the bill states a case which comes within code section 8166, providing that "in all proceedings in the Probate or Chancery Courts . . . where the estate of a deceased person must be represented, and . . . administrator thereof is interested adversely thereto, it shall be the duty of the Judge or Chancellor of the Court, in which such proceeding is had, to appoint an administrator *ad litem* of such estate for the particular proceeding".

We are of the opinion that Code Section 8166 is hardly applicable to the allegations of this bill. The bill contains no prayer that the Chancellor ascertain and adjudge the respective interests of the two estates in the

assets of the business referred to. Nor does it allege that the administrator bank is claiming any particular part of the assets of this business as belonging to the G. Jack Walters estate but only alleges that the bank has not taken the trouble to ascertain from its records what are the respective interests of the two estates therein. The bill does not pray for the appointment of an administrator *ad litem* to represent the estate in a ''particular proceeding'', as contemplated by code section 8166, but prays that the Chancellor ''appoint an administrator *ad litem* of the estate of Harry G. Walters in order that said administrator may represent the said estate fairly and impartially, and that he be authorized to take all steps necessary to protect the estate''. This prayer follows the allegation repeatedly made in the bill that the facts ''made it improper'' for the bank to represent both estates or continue to fill both offices'' whereby ''it is the duty of the defendant bank to divest itself of the administration of one of the estates''. In short, the natural construction to be given the allegations of this bill and the prayer of the bill with reference to an administrator *ad litem* is that the complainants are proceeding upon the theory that the letters granted to the bank to administer the estate of Harry Walters should be revoked. That is not a ''particular proceeding'' contemplated by code section 8166 but is a case that comes within code section 10225(2) providing that ''the county court has original jurisdiction in . . . (2) The granting of letters of administration, and the repeal and revocation thereof. (3) All controversies in relation to the right of executorship or of administration''. The original jurisdiction thus granted the County Court in the matters stated cannot be defeated by direct proceedings in another Court. *Bellenfant* v. *Am. Nat. Bank et al.*, 184 Tenn. 50, .195 S. W. 2d 30. It follows,

of course, that such jurisdiction cannot be defeated in effect indirectly as would be the result of the purpose manifested upon the face of the bill.

Unless the Courts are careful to preserve the integrity of the County Court as a court of original jurisdiction in the granting and revocation of letters of administration within the provisions of code section 10225 much confusion will result in the administration of estates. Wherever there is doubt as to the question, that doubt should be resolved in favor of the original jurisdiction of the County Court. For the reasons stated, it is our conclusion that the bill does not come within the provisions of 8166. This, of course, does not prevent the appellants from going into the County Court and there seek a revocation of the letters of administration in question if they conceive the facts to justify it. That remedy has always been open to these complainants; and is, in fact, now being considered in another case initiated by these appellants seeking removal of the bank administrator on another ground, as heretofore stated.

The decree of the Chancellor is affirmed.

The costs will be adjudged against the administrator of the estate of Harry Walters, of which these appellants are distributees.

All concur.