H. William Dick et al., Appellants,

*v.*

Dixie Adams Dick, Appellee.

443 S.W.2d 472

(*Knoxville,* September Term, 1968.)

Opinion filed June 27, 1969.

Earnest R. Taylor, Morristown, for appellants.

Ralph H. Noe, Jr., Morristown, Guardian ad Litem for Julia Dick Mays.

H. M. Bacon and John F. Dugger, Morristown, for appellee; Bacon & Dugger, and S. J. Anderson, Morristown, of counsel.

Mr. Justice Creson delivered the opinion of the Court.

Appellants, H. William Dick and others, appeal to this Court from a decree of the Chancery Court of Hamblen County which sustained a demurrer filed by appellee Dixie Adams Dick and dismissed the original bill.

The point of decision was that the Chancery Court would not take jurisdiction of this case for the reason that, under Tennessee statutes, the County Court had complete jurisdiction to determine all pertinent issues. No other issue raised by demurrer was either discussed or decided.

Joseph Barton Dick, a citizen and resident of Hamblen County, died testate September 24, 1967, leaving an estate of approximately $400,000.00. He was survived by appellee, Dixie Adams Dick, his widow, and by appellants, H. William Dick, his son; Katherine Dick Ray, Cynthia Dick Lawless, Margaret Dick Cowan, William Barton Dick, and Julia Dick Mays, his grandchildren. Appellee is the stepmother of appellant H. William Dick.

Joseph Barton Dick made certain bequests and devises to his son and grandchildren and provided for appointment of an executrix, as follows:

"I nominate and appoint Dixie Dick as executrix of this my last will and testament, and I desire that she be paid the sum of $5,000.00 for administering, handling, and otherwise winding up the affairs of my estate."

The will was admitted to probate September 28, 1967, and appellee qualified as executrix on the same day.

After acting as executrix from September 28, 1967 until June 6, 1968, appellee filed in the County Court of Hamblen County a dissent from the will under T.C.A. section 31-605, and moved for an allowance of $500.00 per month as year's support under T.C.A. secs. 30-802 and 30-803.

Appellants filed an original bill June 18, 1968, in the Chancery Court of Hamblen County. Appellants alleged (1) that Joseph Barton Dick, during twenty years of marriage to appellee, transferred to her and her daughter certain real estate and personal property, (2) that appellee, having acted as executrix, is estopped to dissent from the will and from claiming year's support, (3) that appellee, by dissenting from the will, violated her fiduciary duty as executrix, and (4) that the County Court of Hamblen Countey lacked proper facilities to administer the "conflicting claims and related matters" arising from the will of Joseph Barton Dick.

Appellants prayed for a declaratory judgment and that the trial court (1) require appellee, by discovery, to set forth details of all transfers of property made to her and her daughter, (2) declare appellee to have "waived" the right to dissent from the will and the right to year's support, (3) declare appellee to have relinquished her right to act as executrix, (4) appoint an administrator, and (5) declare all transfers of property to appellee to be advancements and impress appellee's rights of dissent and year's support with such advancements, should appellee not be estopped to dissent from the will.

Appellee filed a demurrer, insisting, in substance, (1) that administration of the Estate of Joseph Barton Dick was within the original jurisdiction of the County Court of Hamblen County, and that the original bill alleged no ground which would give "the Chancery Court jurisdiction to order the administration transferred to the Chancery Court," (2) that appellee did not waive her right to dissent from the will or her right to year's support by acting as executrix, (3) that any transfer of property to appellee or her daughter would not, under the law, be an advancement, and (4) that appellee, as the widow of the decedent, has a prior right to administer the estate under T.C.A. section 30-109.

The trial court decreed (1) that a bill in equity for discovery would not lie, (2) that the County Court of Hamblen County had jurisdiction to hear and decide the questions raised, (3) that no fraud or undue influence was alleged in the original bill, and (4) that the Chancery Court should not assume jurisdiction.

The trial court sustained section 7 of the demurrer filed by appellee; that is, that administration of the estate was within the original jurisdiction of the County Court and no ground was alleged which would give the Chancery Court jurisdiction to order administration of the estate transferred from the County Court. The Chancellor dismissed the original bill, and an appeal to this Court was prayed and granted.

Appellants have filed three lengthy assignments of error that are, in substance, as follows: That the trial court erred (1) in sustaining the demurrer filed by appellee, (2) in failing to overrule the demurrer and in failing to require appellee to answer the prayers of the

original bill, and (3) in failing to take jurisdiction of the cause.

The primary issue thus presented is, as the trial court stated in its memorandum opinion, not whether the Chancery Court has jurisdiction of the instant case; but, rather, whether, in the instant case, the Chancery Court should assume jurisdiction of matters over which the County Court has jurisdiction and over which such jurisdiction has been exercised.

The instant case poses again an issue which has occasioned prolonged and difficult judicial labor. The issue involves the original and concurrent jurisdiction of Chancery and County courts.

The Chancery Courts of Tennessee have inherent jurisdiction over the administration of estates. *Ferguson v. Moore* (1961), 209 Tenn. 29, 348 S.W.2d 496. See also 1 Gibson's Suits in Chancery, secs 16, et seq. (5th ed. 1955).

The County Courts of Tennessee are recognized by the Constitution but they possess no judicial jurisdiction other than that conferred by statute; T.C.A. section 16-701; *State v. True* (1905), 116 Tenn. 294, 95 S.W. 1028.

T.C.A. sec. 16-709 specifies the original jurisdiction of the County Courts, as follows:

"The county court has original jurisdiction in the following cases:

(1) The probate of wills.

(2) The granting of letters testamentary and of administration, and the repeal and revocation thereof.

(3) All controversies in relation to the right of executorship or of administration.

(4) The settlement of accounts of executors or administrators.

(5) The partition and distribution of the estates of decedents; and for these purposes, the power to sell the real and personal property belonging to such estates, if necessary to make the partition and distribution, or if manifestly for the interest of the parties.

(6) To sell real estate for the payment of debts of a decedent as provided in sections 30-602, 30-603.

(7) The appointment and removal of guardians for minors and persons of unsound mind, and all controversies as to the right of guardianship, and the settlement of guardian accounts.

(8) The allotment of dower in lands.

(9) The partition, sale, or division of land.

(10) The changing of names and the ligitimation of children.

(11) The issuance of inquisitions of unsoundness of mind.

(12) The binding out of apprentices, and all controversies between master and apprentice.

In counties having a county judge, he shall have the powers above enumerated."

T.C.A. section 16-711 vests the County Courts with all power and authority necessary and proper to the exercise of the jurisdiction conferred by T.C.A. sections 16-709 and 16-710. See *Black v. Black* (1915), 134 Tenn. 517, 184 S.W. 27.

The County Court is also vested in cases of concurrent jurisdiction with all the incidental powers belonging to or

conferred by law upon the Court with which its jurisdiction is concurrent. T.C.A. sec. 16-717.

Thus, the County Courts are courts with a specially defined jurisdiction which is difficult to categorize as either a law court or an equity court. 1 Gibson's section 37, supra.

The Chancery and County Courts have concurrent jurisdiction (1) over the persons and estates of idiots, lunatics, and other persons of unsound mind, T.C.A. section 16-609; (2) of the person and estates of infants and of the appointment and removal of guardians, T.C.A. secs. 16-610, 30-1503; (3) of proceedings for the partition or sale of estates by personal representatives or guardians, heirs or tenants in common; (4) for the sale of land at the instance of creditors of the decedent, if the property is insufficient to satisfy the debts of the estate; (5) for the allotment of dower, T.C.A. secs. 16-613, 16-710; (6) of suits for the appointment of an administrator of the decedent's estate when six months have elapsed since his death and no person will apply in the County Court, or can be procured, to administer in the usual way, T.C.A. secs. 16-615, 30-301 et seq., and (7) to enforce the payment of legacies and distributive shares of the estates of decedents and to compel a personal representative to account for assets, including actions for compelling corrections of mistakes in inventories. See, generally, 1 Gibson's, sec. 37, supra.

Solution of the issue posed in the instant case is to be found in what is said in prior decisions of this Court with respect to concurrence or conflict in jurisdiction between Chancery and County Courts in administration of decedents' estates.

These decisions are, in particular: *Bowers v. Lester* (1871), 49 Tenn. 456; *Chester v. Turner* (1925), 153 Tenn. 451, 284 S.W. 365; *Teague v. Gooch* (1960), 206 Tenn. 291, 333 S.W.2d 1, and *Ferguson v. Moore,* supra.

■ ■ It is to be derived from the rulings in these and other cases that (1) the jurisdiction of the County Court over the probate of wills is general and original. T.C.A. sec. 16-709(1), quoted supra; *Townsend v. Townsend* (1867), 44 Tenn. 70; (2) generally, both the County and Chancery Courts are vested with jurisdiction in the appointment and removal of personal representatives and administration of decedents' estates, *Ferguson v. Moore,* supra; T.C.A. sec. 16-615. See T.C.A. sec. 16-709(2), (3).

This Court has stated that the vesting of jurisdiction in the County Court by statute does not deprive the Chancery Court of its inherent jurisdiction of administration of estates. See *Chester v. Turner,* supra; T.C.A. sec. 16-601. This is especially true in view of the multitude of duties which lie within the province of the County Court.

"The Court, being in a sense an additional duty of the County Judge as the chief executive officer and fiscal agent of the County, has never acquired the full power to try cases of either the Chancery Court or of the Circuit Court, but has remained more in the nature of an administrative tribunal than a strictly judicial one. In fact, the appellate courts of Tennessee have repeatedly asserted that it is not equipped to resolve controverted and contested matters, but must refer them by law either to the Circuit Court or to the Chancery Court, its powers being limited largely to such as are uncontested and routine."

1 Gibson's, sec. 37, at p. 43.

■ Indeed, it has long been the rule of this Court that the jurisdiction of the County Courts is limited in the presence of controverted and disputed issues which may not be resolved by simple calculation, or in a summary manner. See *Bowers v. Lester,* supra; *Chester v. Turner,* supra; and *Ferguson v. Moore,* supra.

■ Thus, as a general rule, both the named courts are vested with jurisdiction in the administration of decedents' estates. In certain areas discussed above, and in instances of serious dispute or complication, the Chancery Courts may assume jurisdiction of administration of an estate, although the County Court has previously undertaken such administration.

■ In the instant case, the Chancery Court, in sustaining the demurrer and dismissing the original bill, considered only the question of the jurisdiction of the County Court to determine the issues raised. We are unable to agree with the result reached and are constrained to hold that the Chancery Court should have taken jurisdiction.

It results that the decree of the trial court is reversed and the case remanded to that court. Costs of the cause shall abide is ultimate determination in the Chancery Court.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.