Bettye F. BROWNE, Petitioner,

v.

Thelma Layhew BROWNE, Executrix, Respondent.*

Supreme Court of Tennessee.

April 25, 1977.

* *Editor's Note*: The opinion of the Supreme Court of Tennessee, in *State v. Pursley*, published in the advance sheets at this citation (547 S.W.2d 239), was withdrawn from publication by request of the Court.

Clyde Paul Holland, Nashville, for petitioner.

John R. Reynolds, Nashville, for respondent.

OPINION

BROCK, Justice.

We granted certiorari in this case to determine whether or not the county court, in the exercise of its probate jurisdiction, is authorized to determine the ownership and right to possession of personal property when conflicting claims to such property are made by the representative of a decedent's estate and by a third party who is a stranger to the estate. The County Court of Williamson County asserted that it did possess such jurisdiction but, upon appeal, the Court of Appeals held to the contrary.

The petitioner, Bettye Browne, filed a claim in the County Court against the Executrix, respondent here, asserting that certain personal property in the possession of the Executrix had been given to her by the owner, Naomi Browne Doss, during her lifetime and, therefore, that the Executrix acquired no title from her decedent, James G. Browne. The County Court found the disputed issues in favor of the petitioner and awarded said property to her. Upon appeal to the Court of Appeals, that court, *sua sponte,* raised the issue whether or not the County Court had jurisdiction to determine title to said personalty, concluded that it did not have such jurisdiction and, accordingly, reversed the judgment of the County Court and dismissed petitioner's claim. The Court of Appeals did not determine the issues respecting the merits presented in that court.

We hold that the county court in the exercise of its probate jurisdiction does have the power and authority to adjudicate conflicting claims of ownership and right of possession to personal property which is claimed both by the representative of a decedent's estate and by third parties who claim title, not through the decedent and his representative, but from another source. T.C.A. § 16–709(5), 16–711; T.C.A. §§ 30–509—30–518; 33 C.J.S. Executors and Administrators § 176, Property Claimed by Third Persons, p. 1147.

In our opinion, the code sections cited, particularly T.C.A. §§ 30–509, 30–510 and 30–518, confer upon the county court jurisdiction to determine the issues presented in this case.

T.C.A. § 30–510 provides that "within six (6) months from the date of the notice to creditors, required by § 30–509, all persons . . . having claims against the estate of the decedent . . . shall file them . . . with the clerk of the court in which the estate is being administered." T.C.A. § 30–517 provides for a hearing in circuit court on a claim if a jury is demanded, but if a jury is not demanded, T.C.A. § 30–518, provides that the county or probate court ". . . shall hear and determine all issues arising upon . . ." a claim and exceptions thereto. Then follows language which we consider to plainly recognize the authority of the probate court to adjudicate claims such as the one at bar:

"Notwithstanding the provisions of § 30–509—30–517, whenever there shall be instituted in any other court of competent jurisdiction an independent suit against a personal representative involving liability of the estate, and a claim founded on the same cause of action shall have been or shall be filed against the estate in the manner provided in §§ 30–510, 30–511, which claim has not been adjudicated by the court wherein the administration is pending, the court wherein the administration is pending shall hold in abeyance any action on such claim until the final determination of said independent suit. . . ."

■ This Court has said that all doubts as to the jurisdiction of matters involving administration of an estate should be resolved in favor of the county court. *Fox v. Commerce Union Bank,* 186 Tenn. 181, 209 S.W.2d 1 (1948). This Court has approved a statement by the Court of Appeals which declared that the statutes above cited are designed to afford a simple and informal method of filing and determining claims against decedent's estates and, to that end, are to be liberally construed. *In Re Myers' Estate,* 55 Tenn.App. 195, 397 S.W.2d 831 (1965).

Although the question at hand is one purely of ascertaining the legislative intent from the applicable statutes, it should be noted that the conclusion we have reached is consistent with authorities elsewhere. 33 C.J.S. Executors and Administrators § 176, p. 1147. Our conclusion is also consistent with prior decisions of this Court respecting issues closely related to the one at bar. Thus, in *Teague v. Gooch,* 206 Tenn. 291, 333 S.W.2d 1 (1960), it was held that the county court was empowered to decide whether a sum of money was part of an estate or had become the subject of an *inter vivos* gift; and, in *In Re Love's Estate,* 176 Tenn. 696, 145 S.W.2d 778 (1940), it was held that the county court had jurisdiction to decide whether a note that was *prima facie* an asset of an estate, but which was forgiven by a writing executed and delivered by the testator during his lifetime, and which was included in the inventory, should be credited to the administrator on final settlement. The issue in the last mentioned case was essentially the same as the one presented in this case, i. e., whether property that appears to be part of the decedent's estate may, in fact, have been given to another.

Admittedly, language of this Court in *Dick v. Dick,* 223 Tenn. 228, 443 S.W.2d 472 (1969), may lend some support to the contrary conclusion reached by the Court of Appeals, although the strict holding in that case does not.

■ The petitioner also asserts that the appeal from the county court should have been made to the circuit court rather than to the Court of Appeals. The Court of Appeals decided this issue contrary to the petitioner's insistence and we concur in that holding for the reasons stated in the opinion of the Court of Appeals.

The judgment of the Court of Appeals is reversed and this cause is remanded to that Court for consideration of the assignments of error made therein which were pretermitted in its opinion and judgment here under review.

COOPER, C. J., and FONES, HENRY and HARBISON, JJ., concur.