**David BISHOP, Haywood Turner, and Charlotte French, Plaintiffs/Appellants,**

v.

**Hurley H. YOUNG, Individually and as Executor of Will of Vera O. Turner, Deceased, Shirley Lee Turner, Willia A. Weathers, and Walter G. Young, Defendants/Appellees.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Aug. 30, 1989.

Permission to Appeal Denied by Supreme Court Nov. 27, 1989.

Charles W. Wade, Lewisburg, for plaintiffs-appellants.

Dan P. Whitaker, Lewisburg, Billy C. Jack, Columbia, for defendants-appellees.

OPINION

TODD, Presiding Judge.

The captioned plaintiffs have appealed from two orders of the Trial Court dismissing their suit and disposing of property tendered into Court.

Appellees' brief approves of the appellants' statement of the case as follows:

The Appellants are three of the four residuary beneficiaries under the Will of Vera O. Turner, probated upon date of April 21, 1987, in the Probate Court of Marshall County, Tennessee and recorded in Will Book "L", page 365, TR p. 7.

The Defendant, Hurley H. Young, is Executor of said Will; and, the Defen-

dants, Willia A. Weathers, Walter G. Young and Hurley H. Young, individually are claiming ownership to Certificates of Deposits and savings accounts created by the Testatrix during her lifetime.

The Defendant, Shirley Lee Turner, was made a party because he is the fourth residuary beneficiary under said Will; but, no relief is sought against him.

All other Defendants have been dismissed from the suit. TR p. 26.

Appellants filed their Complaint in the Chancery Court of Marshall County, Tennessee (TR p. 1), alleging the following trust funds created by the Testatrix during her lifetime:

1. A savings account and Certificate of Deposit in the First National Bank, Lewisburg, Tennessee, in the approximate amount of $33,634.06 and $50,-000.00, respectively; and, a Certificate of Deposit in the Bank of Belfast, Belfast, Tennessee, in the approximate amount of $30,000.00. All three items were payable to herself or to the Defendant, Willia A. Weathers.

2. A Certificate of Deposit in the Farmers Bank, Cornersville, Tennessee, in the approximate amount of $25,000.00, payable to the Testatrix or to the Defendant, Walter G. Young.

3. A Certificate of Deposit in the First National Bank, Lewisburg, Tennessee, in the approximate amount of $25,-000.00 payable to the Testatrix or to the Defendant, Hurley H. Young.

4. A Certificate of Deposit in the First National Bank, Lewisburg, Tennessee, in the approximate amount of $43,-000.00, payable to herself; but, in care of the Defendant, Hurley H. Young.

The Complaint alleges that such funds belong to the estate of the Testatrix.

The Complaint further alleges misconduct upon the part of the Executor.

The Complaint prays that said funds be adjudged to belong to the estate of the Testatrix, that the rights of the parties be adjudged, that an accounting be required of the Executor; and, that he be removed from office and for general relief.

The Appellants admit that the Defendant, Willia A. Weathers, has paid the medical, funeral and flower expenses, which renders any construction of the Will in that regard moot.

The Defendant, Hurley H. Young, filed a Motion to Strike all of the allegations and prayers of relief because these issues should be decided by the Probate Court of said County. TR p. 30.

The Chancellor sustained said Motion and dismissed the Complaint. TR p. 41.

The Court further ordered the Clerk to deliver the Certificates of Deposit in his possession to the Executor upon the signing of the Order. TR p. 42. (Order entered December 1, 1988).

The Appellants filed Notice of Appeal on December 28, 1988 (TR p. 43); and, Appeal Bond on December 29, 1988, TR p. 48.

Thereafter, upon date of February 16, 1989, the Court modified its former Decree and ordered that the Clerk deliver the Certificates of Deposit to the Probate Court Clerk. TR p. 45.

Wherefore, the Appellants filed a Supplemental Notice of Appeal and Bond on March 10, 1989. TR p. 49 and 51.

Appellants' first issue is as follows:

I. Whether or not the Probate Court of Marshall County, created by Chapter 344 of the Private Acts of the General Assembly for the year 1974, has jurisdiction to determine the ownership of trust funds.

Appellants' brief does not state the identity or nature of the property claimed to be trust property nor does it explain how such property became trust property.

Appellants' statement of the case, quoted above, refers only to bank accounts and certificates of deposit payable to deceased or to deceased and one of the defendants. A careful reading of the complaint fails to disclose any basis for asserting that "trust property" is involved in this case.

The complaint asserts that the deceased "had" the following assets:

1. Savings account and certificate of deposit in First National Bank, and certificate

of deposit in the Bank of Belfast payable to deceased or Willia A. Weathers.

2. Certificate of Deposit in the Farmers Bank payable to deceased or Walter G. Young.

3. Certificate of Deposit in the First National Bank payable to deceased or Hurley H. Young.

4. Certificate of Deposit in the First National Bank payable to deceased "in care of Hurley H. Young."

The complaint alleges failure of Hurley H. Young, Executor, to file an inventory, failure to include certain property in a sale, and failure to recover funds due the estate.

The complaint further asserts that the will of deceased should be construed to require Willia A. Weathers to pay certain debts of the estate.

The complaint prays:

1. For process.

2. That Hurley H. Young, Willia A. Weathers and Walter G. Young be required to disclose what amounts they have received from the above mentioned bank deposit and certificates.

3, 4 and 5. That the named banks be required to disclose payments made upon the above deposit and certificates and to pay into Court any amount due and unpaid.

6. That the will be construed to require payment of certain debts by Willia A. Weathers.

7. That the deposits and certificates be declared to be the property of the estate.

8. That the rights of all parties be adjudged.

9. That an accounting be required of the executor.

10. That the executor be removed and replaced.

11. For general relief.

As to items number 1 and 4, First National Bank tendered same into Court, and the Trial Court ordered them delivered to the executor.

As to the requested construction of the will, the brief of appellants concedes that this issue is moot.

As stated in appellants' brief, the banks have been dismissed. Appellants assert no issue in this regard.

As to the remaining defendants, Hurley H. Young, Shirley Lee Turner,, Willia A. Weathers and Walter G. Young, issues appear to be the ownership and right to proceeds of the various bank accounts and certificates of deposits, it being the insistence of plaintiffs that all are the property of the estate of deceased.

As to the defendant, Hurley H. Young, Executor, the only issues appear to be his nonfeasance or misfeasance as executor and his removal.

Chapter 344 of the Private Acts of the 1974 General Assembly created a "General Sessions, Probate and Juvenile Court" in and for Marshall County, Tennessee. Section 3 of said Act reads as follows:

Section 3. BE IT FURTHER ENACTED, That the Probate Court shall have jurisdiction over all matters over which jurisdiction is now or hereafter vested in Probate Courts; and jurisdiction over all probate matters over which jurisdiction is now or hereafter vested in the County Court of Marshall county, Tennessee, including but not limited to jurisdiction vested in the County Court by Tennessee Code Annotated, Section 16–709 through 16–713, inclusive; Tennessee Code Annotated, Section 34–1008 through 34–1017, inclusive; and the County Court of Marshall County, Tennessee is divested of the jurisdiction conferred upon the Probate Court. All matters over which the Probate Court has jurisdiction, now pending in the County Court, shall be concluded in the Probate Court.

In *Browne v. Browne,* Tenn.1977, 547 S.W.2d 239, one Bettye Browne filed a claim in County (Probate) Court asserting that certain personalty in the possession of the executrix had been given to claimant by the deceased. The County Court sustained the claim. This Court reversed on the ground that the County Court had no jurisdiction to determine title to personalty. The Supreme Court reversed and remanded

to this Court for consideration of the merits stating:

> We hold that the county court in the exercise of its probate jurisdiction does have the power and authority to adjudicate conflicting claims of ownership and right of possession to personal property which is claimed both by the representative of a decedent's estate and by third parties who claim title, not through the decedent and his representative, but from another source. T.C.A. § 16–709(5), 16–711; T.C.A. §§ 30–509— 30–518; 33 C.J.S. Executors and Administrators § 176, Property Claims by Third Persons, p. 1147.
>
> . . . .
>
> This Court has said that all doubts as to the jurisdiction of matters involving administration of an estate should be resolved in favor of the county court. *Fox v. Commerce Union Bank*, 186 Tenn. 181, 209 S.W.2d 1 (1948). This Court has approved a statement by the Court of Appeals which declared that the statutes above cited are designed to afford a simple and informal method of filing and determining claims against decedent's estates and, to that end, are to be liberally construed. *In Re Myers' Estate*, 55 Tenn.App. 195, 397 S.W.2d 831 (1965).

547 S.W.2d at 240–241

In *Fox v. Commerce Union Bank*, supra, the Supreme Court affirmed the Chancellor's decree sustaining a demurrer to a suit of distributees to remove an administrator and for an accounting. The Supreme Court said:

> ... We know of no authority under the allegations of this bill, nor are we cited to any, which permits a distributee of that estate, pending the administration, to bring the administrator into a different court and require such administrator in such second Court, pending administration, to show what assets have come into its hands as administrator. The Chancellor correctly sustained the demurrer insisting that such suit for relief was an unauthorized intrusion upon the jurisdiction of the County Court where the administration of the estate is pending.... 186 Tenn. at 185 [209 S.W.2d 1]

In *In Re: Love's Estate*, 176 Tenn. 696, 145 S.W.2d 778 (1940) it was held that the County Court has jurisdiction to have a full and complete accounting with an administrator making all proper charges against him and allowing all proper credits to him.

In *Dick v. Dick*, 223 Tenn. 228, 443 S.W.2d 472, (1969), heirs sued in Chancery for a declaration that the widow executrix had waived her right to dissent and to act as executrix and for the appointment of an administrator C.T.A. The Chancellor sustained a demurrer and dismissed the bill on the ground that the Probate Court had complete jurisdiction to decide the issues. The Supreme Court reversed and said:

> This Court has stated that the vesting of jurisdiction in the County court by statute does not deprive the Chancery Court of its inherent jurisdiction of administration of estates. See *Chester v. Turner* [1925], supra [153 Tenn. 451, 284 S.W. 365]; T.C.A. sec. 16–601. This is especially true in view of the multitude of duties which lie within the province of the County Court.
>
> .  .  .  .  .
>
> Thus, as a general rule, both the named courts are vested with jurisdiction in the administration of decedents' estates. In certain areas discussed above, and in instances of serious dispute of complication, the Chancery Courts *may* assume jurisdiction of administration of an estate, although the Chancery Court has previously undertaken such administration. (emphasis supplied)
>
> In the instant case, the Chancery Court, in sustaining the demurrer and dismissing the original bill, considered only the question of the jurisdiction of the County Court to determine the issues raised. We are unable to agree with the result reached and are constrained to hold that the Chancery Court should have taken jurisdiction. 223 Tenn. at 236–237 [443 S.W.2d 472]

However, in the subsequent case of *Browne v. Browne*, supra, the Supreme Court said:

Admittedly, the language of this Court in *Dick v. Dick,* 223 Tenn. 228, 443 S.W.2d 472 (1969), may lend some support to the contrary conclusion reached by the Court of appeals, although the strict holding in that case does not.

■ In substance, this is a suit by distributees of an estate to recover alleged assets of the estate for the ultimate benefit of the distributees. To the extent that it seeks to have the Chancery Court supersede the function of the Probate Court, it is not well grounded. Even if the Chancery Court should have concurrent jurisdiction with the Probate Court of all or part of this suit, it is discretionary with the Chancellor as to whether he should assume jurisdiction. *East Sevier County Utility District v. Wachovia Bank and Trust Co.,* Tenn. 1978, 570 S.W.2d 850; *Southern Fire and Casualty Co v. Cooper,* 200 Tenn. 283, 292 S.W.2d 177 (1956) and authorities cited therein.

■ The claims against the banks have been abandoned, and the claims against those who have collected from the banks are not asserted, no judgment is requested against such parties, and, if asserted, should ordinarily be asserted by the executor or administrator. In *Mason v. Spurlock,* 63 Tenn. (4 Baxt.) 554 (1874), the Supreme Court said:

> ... It is very clear, that, ordinarily, the personal representatives are only parties who have the right to maintain suits to recover debts due to the deceased, but where they, by collusion with the debtor, are refusing to take the necessary steps, and where they are insolvent, and the debt is about to be lost, we think the parties ultimately entitled may, in equity, proceed at once against both the debtor and representatives, to enforce their rights by the proper decree. See Story's Eq.Jur., sec 581, note 1. 63 Tenn. at 559.

In the present case there is no allegation in the complaint that the executor is insolvent and the fund are about to be lost.

The case of *Lowry v. Lowry,* Tenn.1976, 541 S.W.2d 128 was a suit against an executor in Chancery Court regarding a joint bank account.

The case of *Clark v. Brown,* Tenn.App. 1983, 656 S.W.2d 4, was filed in Chancery by the executor regarding a joint bank account.

In *Merchants and Planters Bank v. Myers,* Tenn.App.1982, 644 S.W.2d 683, the executor brought suit in Chancery for declaratory judgment and for instructions regarding a joint bank account.

In *Simmons v. Foster,* Tenn.App.1981, 622 S.W.2d 838, the executor sued in Chancery to recover proceeds of a joint bank account.

In none of these cases was the jurisdiction of the Probate Court invoked or questioned.

No merit is found in appellants' first issue.

Appellants' second issue is as follows:

II. Whether or not the Chancery Court erred in ordering the Clerk to deliver Certificates of Deposit in his possession to the Executor upon the signing of the Court's order.

No showing is made of any prejudice resulting from this order, or that the Executor or the clerk of the Probate Court is not as responsible as the Clerk of the Trial Court. Both would be subject to the orders of this Court in event of a reversal in favor of appellants.

No merit is found in appellants' second issue.

Appellants' third, and last issue is as follows:

III. Whether or not the Court erred in filing an Amended Final Order after the expiration of thirty days from the original Final Decree.

As stated above, the order entered on December 1, 1988, required the Trial Clerk to deliver the funds on deposit with the Trial Court to the Executor. On February 16, 1989, the December 1 order was amended to require the money to be delivered to the Probate Clerk.

■ Again, there is no showing of prejudice to the appellants from the entry of the amended order. Moreover, the disposition

of this appeal effectively removes any glimmer of prejudice, for the money is where it belongs—in the custody of the Probate Court—either the hands of the Probate Clerk or of the Executor, both of whom are officers of the Court having jurisdiction to determine the disposition of the fund.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the appellants. The cause is remanded to the Trial Court for such further proceedings, if any, as may be necessary and proper.

Affirmed and remanded.

LEWIS and CANTRELL, JJ., concur.