IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 2, 2016

**IN RE ESTATE OF DAVID LARRY LETSINGER**

**Appeal from the General Sessions Court for Loudon County**
**No. 4801    Rex A. Dale, Judge**

_____

**No. E2016-00144-COA-R3-CV-FILED-NOVEMBER 29, 2016**
_____

After her husband passed away in 2013, Rose Letsinger filed a petition in the trial court seeking letters of administration for his estate. First Choice Community Credit Union filed a claim against the estate for an unpaid credit card balance. Letsinger[1] excepted to the claim and filed a motion to dismiss the claim, asserting that the Credit Union had failed to comply with Tenn. Code Ann. § 30-2-307 (Supp. 2012) by failing to attach an itemized statement of its claim. The trial court agreed. It held that the Credit Union had failed to include an itemized statement. Accordingly, it dismissed the claim. The Credit Union filed a motion to alter or amend, arguing that it had filed with its claim what appears to be the deceased's last monthly statement. It contended that its filing satisfied the itemized statement requirement. The trial court denied the motion. The Credit Union appealed. Later, it filed a motion to dismiss its appeal. We granted the motion. Following this, Letsinger filed a motion seeking to compel the Credit Union to disburse to the estate the funds in the deceased's account with the Credit Union. The trial court granted the motion. The Credit Union appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the General Sessions Court Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which RICHARD H. DINKINS and ARNOLD B. GOLDIN, JJ., joined.

John T. Roper, Knoxville, Tennessee, for the appellant, First Choice Community Credit Union.

Mary K. Longworth, Loudon, Tennessee, for the appellee, Rose Mary Letsinger.

---

[1] When we refer to "Letsinger," we are referring to Mrs. Letsinger.

Herbert H. Slatery III, Attorney General and Reporter, and M. Cameron Himes, Assistant Attorney General, Nashville, Tennessee, for the appellee, Tennessee Department of Children's Services.

**OPINION**

**I.**

Mr. Letsinger passed away on August 30, 2013. He did not leave a will. On February 10, 2014, Letsinger filed a petition for letters of administration. On February 19, 2014, the trial court issued letters of administration to the widow. Notice was subsequently sent to the deceased's potential creditors. On March 21, 2014, the Credit Union filed a claim against the deceased's estate pertaining to an unpaid credit card balance of $2,773.78. Attached to the claim were (1) apparently the last monthly credit card statement and (2) a credit card application signed by the deceased on January 14, 1991. On April 7, 2014, Letsinger filed an exception to the Credit Union's claim, contending that the claim was deficient and not in compliance with Tenn. Code Ann. § 30-2-307 and § 30-2-310.

On July 10, 2014, the trial court held a hearing regarding Letsinger's exception. In an order entered the same day, the trial court dismissed the Credit Union's claim after noting that it had not filed an itemized statement as required by Tenn. Code Ann. § 30-2-307(b). On August 8, 2014, the Credit Union filed a motion to alter or amend the trial court's judgment, asserting that it had provided the deceased's monthly billing statement as an itemized statement. On January 7, 2015, the trial court entered an order denying the Credit Union's motion to alter or amend. In the order, the court held that "the single statement filed by the [Credit Union] by itself does not constitute the itemized statement as required by [Tenn. Code Ann. §] 30-2-307(b)."

The Credit Union filed a notice of appeal on February 5, 2015. However, after the Credit Union failed to pay the required litigation tax, this Court dismissed its appeal in an order entered on April 6, 2015. The Credit Union subsequently filed a petition on April 9, 2015, to reinstate its appeal, contending that it had paid the requisite litigation tax by sending $13.75 to the "Appellate Court Cost Center" in Nashville. On April 17, 2015, this Court entered an order reinstating the appeal. Later, the Credit Union moved to dismiss its appeal. An order was entered dismissing the appeal.

Some three months later, Letsinger filed a motion in the trial court to compel the Credit Union to release all funds the deceased had on deposit. In response, the Credit Union asserted the following, as taken verbatim from its motion:

1. The [trial court] lacks personal jurisdiction over [the] Credit Union because it has not been sued and served with process and a formal complaint, as [Letsinger's] Motion to Compel is procedurally improper.

2. The [trial court] lacks subject matter jurisdiction because the funds sought by [Letsinger] have passed outside the [deceased's] estate by virtue of the contractual setoff set forth in the member agreement[2] which mirrors the statutory setoff in Tenn. Code Ann. § 45-4-609 and [the Credit Union] has setoff said funds against the debts owed by [the deceased] for which there is a balance owed. . . .

3. By virtue of the same agreement . . . [the Credit Union] can request attorney's fees and costs incurred for having to enforce its rights under the [m]ember [a]greement and cardholder agreement.

(Footnote added.) Letsinger replied to the Credit Union's response, arguing that (1) the trial court had both personal jurisdiction and subject matter jurisdiction over these proceedings; (2) the Credit Union had no valid claim for attorney's fees and costs; (3) the member agreement was immaterial in the absence of a valid agreement by the deceased to be bound by its terms; (4) the Credit Union had not alleged that the deceased had taken a loan from the Credit Union or owed any fines or dues; (5) the issue of whether the deceased owed any money to the Credit Union had already been litigated/abandoned and was res judicata.

A hearing was held on November 10, 2015, regarding Letsinger's motion to compel the Credit Union to release funds. At the conclusion of that hearing, the trial court announced the following from the bench:

On the personal jurisdiction, [the Credit Union] did decide to litigate this as a claim against the estate and filed the claim

---

[2] The relevant portion of Mr. Letsinger's member agreement states as follows: "In the case of default, I/we hereby authorize the Credit Union to apply any and all shares, payments on shares, or deposits which we may now have or hereafter have in this Credit Union to VISA loans, interest, cost or expenses. The maker and comaker(s) jointly and severally, promise to pay all cost or expenses incurred in the collection of any sum due."

under [Tenn. Code Ann. §] 30-2-307 on March the 21st, 20[14]. . . . An exception was filed by the estate, and the claim was dismissed for failure to itemize under [Tenn. Code Ann. §] 30-2-307. And the reason it was dismissed was there were no amendments to the claim to bring it into compliance with the itemization, and there was no claim at that time that was brought up to substantiate the claim filed by [the Credit Union] as far as a statutory set-off.

The matter was litigated. We entertained a motion to reconsider that was filed by [the Credit Union]. And on January 6, 2015, this Court denied it. The appeal was filed and then was voluntarily dismissed on July 24, 2015. So as far as how the [Credit Union] has determined to pursue this claim, it revolves around the claim of [$2,773.78]. And they did not present sufficient evidence at that time to substantiate their claim.

Now [the Credit Union is] coming back and saying there are other reasons why they should be entitled to this claim against the estate. You can't do that. You know, once the proof has been closed and the issues are still involving the same amount, the same parties, it is res judicata on it.

Now, had they filed the claim wanting to enforce a statutory lien set-off, I don't think that's an automatic amount that goes straight back into the [Credit Union] amounts. There's no evidence as to when it's passed. In the past, it has not passed by anything that's been presented here today. And, even if it was, I think that the [Credit Union] has elected their remedy in how they have sought to recoup this [$2,773.78] amount on it.

The Court finds that it does have subject matter jurisdiction because of the claim that was filed by [the Credit Union] itself in this court, submitting themselves to jurisdiction here. It has become a final judgment for all intents and purposes and, as a result, I'm going to grant the motion to compel with an order compelling [the Credit Union] to turn over the

4

amounts that are in the account, including the [$2,773.78] or whatever else is in there at this point in time.

On December 10, 2015, the trial court entered an order directing the Credit Union to "disburse the funds in the amount of $2,773.78 held in the account of [the deceased]" to Letsinger.

## II.

The Credit Union filed a notice of appeal on January 8, 2016, and raises the following issues in its brief:

> Whether the trial court erred by ruling that the Credit Union must disburse $2,773.78 to the deceased's estate.

> Whether the trial court erred by denying the Credit Union its request for attorney fees, expenses, and costs.

Letsinger has raised two additional issues in her brief:

> Whether the trial court has personal jurisdiction.

> Whether the trial court has subject matter jurisdiction.

## III.

Our standard of review is de novo upon the record, accompanied by a presumption of correctness as to the trial court's factual findings, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *see also* ***Williams v. City of Burns***, 465 S.W.3d 96, 108 (Tenn. 2015). Our review of questions of law is de novo, with no presumption of correctness. ***Campbell v. Fla. Steel Corp.***, 919 S.W.2d 26, 35 (Tenn. 1996).

## IV.

As previously explained in this opinion, the Credit Union filed an unopposed motion to voluntarily dismiss its appeal with respect to the trial court's dismissal of its claim against the deceased's estate. This Court entered an order on July 24, 2015, dismissing the appeal. The entry of our order meant that the trial court's denial of the Credit Union's claim was final. The Credit Union's attempt to revive its claim by

5

presenting additional evidence and asserting new arguments implicates the doctrine of res judicata. The Supreme Court has previously explained this legal principle:

> [R]es judicata or claim preclusion bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could have been, litigated in the former suit. *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009); *Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995) (quoting *Goeke v. Woods*, 777 S.W.2d 347, 349 (Tenn. 1989)). It is a "rule of rest," *Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn. 1976), and it promotes finality in litigation, prevents inconsistent or contradictory judgments, conserves judicial resources, and protects litigants from the cost and vexation of multiple lawsuits. *In re Estate of Boote*, 198 S.W.3d 699, 718 (Tenn. Ct. App. 2005); *Sweatt v. Tennessee Dep't of Corr.*, 88 S.W.3d 567, 570 (Tenn. Ct. App. 2002).
>
> The party asserting a defense predicated on res judicata or claim preclusion must demonstrate (1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits. *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998); *see also Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990). A trial court's decision that a claim is barred by the doctrine of res judicata or claim preclusion involves a question of law which will be reviewed de novo on appeal without a presumption of correctness.

*Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012).

The trial court had both personal and subject matter jurisdiction in this case. "[A] general appearance, and thus a waiver of the right to contest personal jurisdiction, occurs by 'some act or proceeding recognizing the case as being in court, or from the defendant's seeking, taking, or agreeing to some step or proceeding in the cause beneficial to himself or detrimental to the plaintiff[.]" *Woodruff v. Anastasia Int'l, Inc.*, No. E2007-00874-COA-R3-CV, 2007 WL 4439677, at *3 (Tenn. Ct. App., filed Dec. 19, 2007) (quoting *Grosfelt v. Epling*, 718 S.W.2d 670, 672 (Tenn. Ct. App. 1986)). In this

case, the Credit Union submitted itself to the personal jurisdiction of the trial court by filing its claim for $2,773.78 after receiving notice from the deceased's estate. By its actions in this matter, the Credit Union submitted itself to the trial court's personal jurisdiction over it.

The trial court also had subject matter jurisdiction over this claim. On appeal, the Credit Union argues that Tenn. Code Ann. §§ 45-4-609[3] (2007), 45-2-706[4] (2007), and 47-9-340[5] (2007) entitle it to a statutory set-off of the debt allegedly owed by the deceased's estate. Furthermore, the Credit Union maintains that the claim it filed, which precipitated this action, was "only as an accommodation to [Letsinger]" and "was itself a legal nullity." We disagree. As Letsinger correctly points out in her brief, Chapter 86 of the Private Acts of 1981 conferred jurisdiction over probate matters in Loudon County to the trial court:

> SECTION 1. The Judge of the General Sessions Court of Loudon County is hereby vested with jurisdiction over the probate of will and the administration of estates, and all matters relating thereto, previously vested in the County Court, the County Judge or County Chairman, or the Chancery Court.

---

[3] "(a) A credit union shall have a lien on the shares of any member and on the dividends payable thereon for and to the extent of any loan made to the member and of any dues and fines payable by the member."

[4] "Notice to any bank of an adverse claim to a deposit standing on its books to the credit of any person shall not be effectual to cause the bank to recognize the adverse claimant unless the adverse claimant shall procure a restraining order, injunction or other appropriate process against the bank from a court of competent jurisdiction."

[5] "(a) EXERCISER OF RECOUPMENT OR SET-OFF. Except as otherwise provided in subsection (c), a bank with which a deposit account is maintained may exercise any right of recoupment or set-off against a secured party that holds a security interest in the deposit account. (b) RECOUPMENT OR SET-OFF NOT AFFECTED BY SECURITY INTEREST. Except as otherwise provided in subsection (c), the application of this chapter to a security interest in a deposit account does not affect a right of recoupment or set-off of the secured party as to a deposit account maintained with the secured party. (c) WHEN SET-OFF INEFFECTIVE. The exercise by a bank of a set-off against a deposit account is ineffective against a secured party that holds a security interest in the deposit account which is perfected by control under § 47-9-104(a)(3), if the set-off is based on a claim against the debtor."

*See also* **Browne v. Browne**, 547 S.W.2d 239, 240 (Tenn. 1977) ("We hold that the county court in the exercise of its probate jurisdiction does have the power and authority to adjudicate conflicting claims of ownership and right of possession to personal property which is claimed both by the representative of a decedent's estate and by third parties who claim title, not through the decedent and his representatives, but from another source"); **Estate of O'Neal**, No. 03A01-9706-CH-00214, 1998 WL 10214 (Tenn. Ct. App., filed Jan. 14, 1998) (noting that General Sessions Court in Loudon County was vested with probate jurisdiction by private act). Accordingly, the trial court had subject matter jurisdiction over this case the moment the Credit Union filed its claim against the deceased's estate. Retroactively arguing that its claim was an "accommodation" and a "legal nullity" is merely a self-serving attempt for the Credit Union to walk back the subject matter jurisdiction of the trial court after it already rendered a valid judgment that survived on appeal. Thus, it is quite clear to us that the July 10, 2014 judgment in this case was rendered by a "court of competent jurisdiction."

Next, there can be no denying that the parties are the same and that the claim for $2,773.78 is the same. As a result, the final question is whether the judgment was "final and on the merits." In the present action, the trial court dismissed the Credit Union's claim *with prejudice* in a July 10, 2014 order after determining that the Credit Union had failed to comply with Tenn. Code Ann. § 30-2-307(b). "In Tennessee, any dismissal of a claim other than a dismissal for lack of jurisdiction, for lack of venue, or for lack of an indispensible party 'operates as an adjudication upon the merits,' unless the trial court specifies otherwise in its order for dismissal." **Creech v. Addington**, 281 S.W.3d 363, 378 (Tenn. 2009) (quoting Tenn. R. Civ. P. 41.92(3)). Accordingly, the trial court's judgment qualified as a final ruling on the merits. We therefore hold that all four elements of the principle of res judicata are present and that the Credit Union's claim for $2,773.78 is barred. With that conclusion in mind, we also hold that the trial court was correct in ruling that the Credit Union must disburse $2,773.78 to the deceased's estate.

## V.

Finally, the Credit Union seeks reimbursement for the attorney's fees incurred throughout this litigation. We note that the decision to grant attorney's fees is largely within the discretion of the trial court. **Galaway v. Galaway**, No. M2015-00670-COA-R3-CV, 2016 WL 1291966, at *5 (Tenn. Ct. App., filed Mar. 31, 2016) (citation omitted). Absent an abuse of discretion, we will not interfere. **Id.** We find no such abuse on this issue. The Credit Union is clearly not the prevailing party in this case. In our view, it would defy logic to award attorney's fees to the Credit Union after its claim against the estate was denied by the trial court; its appeal was eventually withdrawn; and

its claim is now barred by the principles of res judicata. Accordingly, we find that attorney's fees are not warranted in this case and decline to make such an award.

## VI.

The judgment of the trial court is affirmed. Costs on appeal are assessed to the appellant, First Choice Community Credit Union. The case is remanded to the trial court for enforcement of the trial court's judgment and the collection of costs assessed below.

_____
CHARLES D. SUSANO, JR., JUDGE