IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 3, 2017 Session

## IN RE ESTATE OF EUNICE KATHERINE SANDERS McCOLLUM

**Appeal from the Juvenile Court for Dickson County**
No. 0308026P      Michael R. Meise, Judge

_____

### No. M2015-02169-COA-R3-CV

_____

This is a probate case, and the parties are Decedent's children. Appellant son filed a claim against Appellee daughter, alleging that she mishandled the Decedent's financial affairs, both during Decedent's life and after her death in 2007. In 2009, the trial court appointed a special master, who conducted two evidentiary hearings and filed two reports, which essentially exonerated Appellee from any wrong-doing. Two years later, the trial court ordered the Administrator of the estate to pay certain fees and file certain applications so that the estate could be closed, and dismissed all pending motions filed by the parties. Appellant filed a motion to alter or amend the judgment of the trial court that was denied. Concluding that the Appellant did not have standing to bring a claim against Appellee, we affirm and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court
Affirmed and Remanded.**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which RICHARD H. DINKINS and W. NEAL MCBRAYER, JJ., joined.

Charles Watson Cross, Nashville, Tennessee, for the appellant, Gary McCollum.

Thomas N. Bateman and Robert T. Bateman, Clarksville, Tennessee, for the appellees, Linda Rye, and Estate of Eunice Katherine Sanders McCollum.

## OPINION

### I.      Background

Eunice McCollum ("Decedent") died January 16, 2007 at the age of 83. She is

survived by her daughter, Linda Rye ("Appellee"), and her two sons Gary McCollum ("Appellant") and Mark McCollum.[1]

In March 2008, Appellee and Appellant filed competing petitions to be appointed administrator of Decedent's estate. In support of his petition to be appointed administrator, Appellant alleges that Appellee acted inappropriately in handling Decedent's financial affairs, both during Decedent's life and after her death. Appellant's petition requests that Appellee be required to produce certain records and submit to questioning under oath. This is the only relief sought against Appellee.

After several delays, in June 2009, the trial court appointed a special master to conduct a thorough review of Decedent's assets, receipts, income, and expenditures. Appellee was ordered to cooperate fully with the investigation. On June 15, 2010, Appellee was specifically ordered to file an accounting of all transactions from 2004 through June 2010. Appellee filed her accounting on August 19, 2010. The special master conducted two evidentiary hearings and filed two reports, which essentially exonerated Appellee from any wrong-doing.

The first trial judge recused himself from the case on December 1, 2010 and was replaced by Judge Anthony Sanders. In August 2012, Judge Sanders appointed Kyle Sanders (no relation) as administrator of Decedent's estate. In October 2012, the Administrator filed a motion requesting a forensic accountant to help complete the task. In January 2013, Appellant filed a "motion" agreeing to Administrator's request for a forensic accountant so long as the accountant did not come from Dickson County and the fees were charged to Appellee. In his motion, Appellant also requested to be appointed as co-administrator. In March 2013, Appellee filed a motion to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02. In her motion, Appellee argues that all of Appellant's filings should be stricken due to Appellant's lack of standing to pursue claims against Appellee. Although Appellant filed a lengthy response to the motion to dismiss, he did not address the issue of standing.

On October 2, 2014, the trial court conducted a hearing, in which the Administrator testified that any bank accounts relevant to the case were jointly owned by Appellee and Decedent with right of survivorship. Additionally, the Administrator determined that, to help her parents, Appellee deposited more of her own funds in the accounts than she withdrew. The trial court entered a judgment on October 27, 2014, finding that the estate was solvent and that the only remaining property subject to administration of the estate was approximately $33,000, which consisted of rents collected after Decedent's death. The trial court ordered that certain payments be made to the special master and the Administrator and that the remaining balance be divided equally among the Decedent's three children. The trial court specifically found that the

---

[1] Other than being an heir-at-law, Mark McCollum is not involved in this litigation.

administration of the estate "was being hampered by the actions pursued by [Appellant]" and noted the Administrator's desire to close the estate. The trial court also denied Appellant's request for the appointment of a forensic accountant and dismissed all pending motions.

On November 26, 2014, Appellant filed a Motion to Alter or Amend Judgment. In his motion, Appellant argued that Appellee's name was added to Decedent's bank accounts to facilitate the handling of transactions and that there was no basis for finding a right of survivorship in any of the bank accounts. Appellant also argued that Appellee's claim for $45,502.37, allegedly spent by Appellee on Decedent's behalf, had already been barred by a previous order. Therefore, Appellant argued that Appellee was not entitled to receive credit for these expenditures. On February 15, 2015, Judge Sanders entered an order recusing himself from the case. On September 30, 2015, Judge Michael Meise entered an order denying Appellant's Motion to Alter or Amend. Appellant appeals.

## II. Issues

Appellant raises two issues for review as stated in his brief:

1. The trial court erred in holding [that there] was a "right of survivorship" in bank accounts as a basis for its dismissing the case.

2. The trial court erred in justifying ruling no accounting was required because of gift claim by [Appellee].

## III. Analysis

As an initial matter, Appellee argues that Appellant has no standing in this case. The standing of an individual filing a law suit is a threshold issue that must be adjudicated prior to any consideration of the merits of the case. Courts employ the doctrine of standing to determine whether a particular litigant is entitled to have a court decide the merits of a dispute or of particular issues. *Am. Civil Liberties Union of Tennessee v. Darnell*, 195 S.W.3d 612, 619-20 (Tenn. 2006); *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *Knierim v. Leatherwood,* 542 S.W.2d 806, 808 (Tenn. 1976) (holding that courts use the standing doctrine to decide whether a particular plaintiff is "properly situated to prosecute the action."); *City of Brentwood v. Metropolitan Bd. of Zoning Appeals, et al.,* 149 S.W.3d 49, 55 (Tenn. Ct. App. 2004), *perm. app. denied* (Tenn. Sept. 13, 2004).

Appellant argues that he has standing based on the private act creating the Probate Court of Dickson County, which incorporates the Uniform Durable Power of Attorney

Act (UDPAA) as a part of its jurisdiction. While it is true that section 116(a)(4) of the Uniform Power of Attorney Act (UPOAA) specifically grants descendants the power to petition the court to review an agent's conduct, Tennessee has never adopted that section of the UPOAA. Tennessee explicitly grants standing to demand an accounting to: the principal, a court, or a legal representative appointed by the principal. Tenn. Code Ann. § 34-6-107.

There is simply no statute supporting Appellant's claim of standing. The case law also makes it clear that Appellant has no standing to pursue his claim. In *In re Estate of Hendrickson*, No. M2008-01332-COA-R9-CV, 2009 WL 499495, (Tenn. Ct. App. Feb. 25, 2009), this Court addressed the issue of who may assert claims on behalf of the estate, to wit:

> The law in Tennessee is clear that upon the appointment of a personal representative, the title to all of the decedent's general personal estate is vested in the representative. *First Nat'l Bank v. Howard,* 302 S.W.2d 516, 518 (Tenn. Ct. App. 1957); *see Union Planters Nat'l Bank & Trust Co. v. Beeler,* 112 S.W.2d 11 (Tenn. 1938). Neither legatees nor distributees acquire any property in the goods of the decedent until the assent of the executor or the administrator is given; they have only an inchoate right to the surplus after payment of the debts. *Howard,* 302 S.W.2d at 518-19. This includes personal property or assets, as well as debts and balances due to the decedent. *Id.* at 518. The title taken by the personal representative is exclusive; and therefore, creditors, legatees, and other interested parties can assert their claims only through the personal representative, who is the legal custodian and owner of the goods. *Id.* at 518-19.
>
> Because the absolute title is vested with the personal representative, only the Administrator has the right to maintain a civil action to recover the debts or other assets due the estate. 2 Pritchard § 709 (citing *Bishop v. Young,* 780 S.W.2d 746, 750 (Tenn. Ct. App. 1989)). This includes actions to recover assets taken from the decedent by fraud or deceit. *See Willis v. Smith,* 683 S.W.2d 682 (Tenn. Ct. App. 1984); *see also Owens v. Breeden,* 661 S.W.2d 887 (Tenn. Ct. App. 1983). The law concerning tort actions, such as conversion prior to the death of the decedent, are also exclusive to the personal representative, since this is an exception carved in the law, which used to preclude such actions from being pursued after the death of the person harmed. 2 Pritchard § 716.

*Estate of Hendrickson*, 2009 WL 499495, at *7. The personal representative of a decedent's estate has "the duty to represent the interests of the estate and, to the extent of their expectancy interest, the interests of the beneficiaries of the estate." *Id.* at *5. To that end, a third party may bring an action on behalf of a decedent's estate where it is

- 4 -

established that the personal representative is in collusion with the debtor or the personal representative is refusing to take the necessary steps to recover a debt that is about to be lost. ***Efferson v. Stephens***, No. M2014-00326-COA-R3CV, 2015 WL 544849, at *4 (Tenn. Ct. App. Feb. 9, 2015) (internal citations omitted).

Here, Appellant never filed any action against the Administrator. Although Appellant argues that there was no administrator when he filed his initial petition, the Administrator was appointed in August 2012, two years prior to the entry of the judgment by the trial court. During that time, Appellant never alleged that the Administrator refused to collect on a debt owed to the estate. Appellant never alleged that the Administrator was colluding with Appellee. Appellant also never filed a claim against the Administrator alleging any wrong-doing whatsoever. Following the entry of the judgment by the trial court in October 2014, Appellant filed his Motion to Alter or Amend Judgment, but did not allege therein any wrong-doing on the part of the Administrator. In the absence of any alleged wrongdoing on the part of the Administrator, we conclude that Appellant has not established a basis on which he is entitled to pursue claims on behalf of the estate. Accordingly, Appellant does not have standing to bring a claim against Appellee, and we affirm the trial court's order dismissing all pending motions and ordering closure of the estate.

## V. Conclusion

For the foregoing reasons, we affirm the order of the trial court. We remand the case for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against Appellant, Gary McCollum, and his surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE